STATE of Missouri ex rel. Arthur E. BOYER, Jr., Relator,

v.

Honorable Harry J. STUSSIE, Respondent.

No. 40113.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 11, 1979.

Frank J. Maginn, St. Louis, for relator.

Jay G. Newquist, Roberts, Heneghan & Coffelt, W. Monro Roberts, Jr., St. Louis, for respondent.

KELLY, Judge.

In this original proceeding in Prohibition, Arthur E. Boyer, Jr., the relator, seeks an order prohibiting the Honorable Harry J. Stussie, Judge, Division No. 2 of the Circuit Court of St. Louis County, from setting aside an order sustaining relator's motion for summary judgment. His motion was filed in a declaratory judgment action wherein Fireman's Fund Insurance Company is the plaintiff, and relator and one Loretta B. Ditz are the named defendants. We issued improvidently we think, our Preliminary Rule in Prohibition and now, after the issues are joined and the matter briefed and argued, we quash said Preliminary Rule in Prohibition and dismiss relator's petition at relator's cost.

The facts are that the relator was involved in an automobile collision with Loretta B. Ditz on May 19, 1975. At the time of this collision Mrs. Ditz was operating a 1973 Plymouth automobile. Mr. Boyer sustained severe injuries in the collision, including the loss of his lower left leg. On November 11, 1975, he instituted an action for damages for those injuries against Mrs. Ditz in the Circuit Court of St. Louis County.

On December 5, 1975, Fireman's Fund Insurance Company, (hereinafter referred to as Fireman's Fund) instituted a declaratory judgment action against both Mr. Boyer and Mrs. Ditz for a declaration of the rights, duties and other legal relations between the parties. Fireman's Fund sought to be relieved of all duties and liabilities under two policies of insurance it had issued, one to William H. Ditz, the Ditz's son, and the other to Mrs. Ditz and her husband, William Ditz. Fireman's Fund also sought an order restraining the defendants from filing or prosecuting any action upon said policies of insurance. The petition alleged that Fireman's Fund had issued two policies of automobile liability insurance covering the automobile being operated by Mrs. Ditz in the collision with the motor vehicle being operated by Mr. Boyer on May 19, 1975. One policy—# Z3617075—was issued to William H. Ditz as the named insured and afforded $25,000.00 coverage for personal injury liability for each person. The other policy—# Z2344007—was issued to Mrs. Ditz and her husband, William Ditz, as named insureds and afforded them $50,-000.00 coverage for personal injury liability for each person. It further alleged that the Plymouth automobile was owned by William H. Ditz on the date of the collision.

On June 21, 1976 relator filed a Motion to Dismiss the petition for declaratory judgment. He filed an amended Motion to Dismiss on September 4, 1976, alleging that a certified registration certificate from the Motor Vehicle Bureau of the Missouri Department of Revenue, dated July 1, 1976, showed title to said vehicle to be in Mr. and

Mrs. Ditz, not in their son, William H. Ditz. On September 25, 1976, relator filed his initial Motion for Summary Judgment and on October 14, 1976, the insurance company filed its First Amended Petition for declaratory judgment seeking the same relief prayed for in the original petition. On May 3, 1977, relator filed an Amended Motion for Summary Judgment and notified the insurance company that the motion would be called up for argument on July 12, 1977.

The question to be decided in the three count First Amended Petition for Declaratory Judgment, reduced to its simplest terms, is whether the insurance company would be required to defend Mrs. Ditz or would be held liable for any judgment Mr. Boyer might receive in his lawsuit for damages arising out of the collision of May 19, 1975.

Prior to filing its declaratory judgment action the insurance company had offered Mr. Boyer the $25,000.00 coverage afforded under the policy issued to William H. Ditz in settlement of Mr. Boyer's claim.

In Count I of its petition for declaratory judgment the insurance company sought a declaration that it owed Mrs. Ditz no defense in Mr. Boyer's suit for damages and that it would not be liable for any judgment rendered against Mrs. Ditz in that suit by reason of the provision in the omnibus clause of the policy issued to Mrs. Ditz and her husband because the Plymouth was a "non-owned automobile," titled to her son, William H. Ditz, and furnished for the regular use of Mrs. Ditz and was thereby excluded from coverage under the terms of the policy.

In Count II, the insurance company alleged alternatively, that if Mrs. Ditz and her husband were the owners of the Plymouth on the date of the collision, it nevertheless owed Mrs. Ditz no defense and should not be held liable under the policy in which they were named insureds because coverage of the Plymouth under the policy had been deleted by an endorsement of August 2, 1974.

In Count III the insurance company sought an order restraining Mr. Boyer from proceeding with the trial of his action for damages against Mrs. Ditz until the rights and legal relationships between the parties had been decided in the declaratory judgment action.

On May 3, 1977, Mr. Boyer filed his Amended Motion for Summary Judgment. Between July, 1977 and November 8, 1977, various written notices calling the motion for hearing were filed by both the insurance company and Mr. Boyer, but no hearings on the motion were held.

On November 8, 1977 counsel for the insurance company notified Mr. Boyer's counsel that his motion for summary judgment would be called up for hearing on December 9, 1977. On the following day, November 9, 1977, Mr. Boyer's counsel notified the insurance company that he would call the motion for hearing on November 18, 1977. Mr. Boyer's action against Mrs. Ditz for his injuries was set for trial in Division No. 15 of the Circuit Court of St. Louis County during the week of November 28, 1977.

The motion was not heard on November 18, 1977, but on November 25, 1977, in the absence of counsel for the insurance company or anyone representing the insurance company, Mr. Boyer's counsel appeared before respondent, reviewed the case with him and the following memorandum was prepared with the understanding that unless the respondent heard from the insurance company's counsel in the interim, it would be entered on November 28, 1977:

> Defendant Boyer having heretofore filed his amended motion for summary judgment and/or motion for dismissal of plaintiff's petition for declaratory judgment, and plaintiff having filed no responsive pleadings thereto, defendant does hereby submit cause upon pleadings filed herein and memorandum of law heretofore filed.

On November 28, 1977, respondent entered the memorandum of November 25, 1977, noting thereon: "Motion sustained, H.J.S."

On January 6, 1978, the insurance company's counsel filed a Motion to Set Aside Court Order Dated November 25, 1977, on the grounds that it had not been noticed in writing that Mr. Boyer's motion would be heard on that date as required by Rule 44.01. On January 16, 1978, this motion was called, heard and sustained. The order dated November 25, 1977, was set aside on the grounds: (1) that no written notice calling Mr. Boyer's Motion for Summary Judgment for hearing on November 25, 1977, was ever filed with the court as required by Rule 44.01 and Rule 12(c) of the Rules of the 21st Judicial Circuit; (2) that no proof of service of any Notice calling said Motion for hearing on November 25, 1977 was ever filed in the court as required by Rule 12(c) of the Rules of the 21st Judicial Circuit; and (3) that neither Fireman's Fund, nor its attorneys received actual or constructive notice that Mr. Boyer's Motion for Summary Judgment would be heard on November 25, 1977. For those reasons the respondent found that he had no jurisdiction to hear and enter the order of November 25, 1977, and set it aside.

Mr. Boyer filed his petition for Writ of Prohibition in this court contending that respondent had no jurisdiction to enter the order of January 16, 1978.

It is relator's position that respondent acted in excess of his jurisdiction in that in a summary judgment proceeding under Rule 74.04 the notice provisions of Rule 44.01(d) and Rule 12(c) of the Rules of the 21st Judicial Circuit have no application. He argues that because Rule 74.04(c) is silent as to notice to an adverse party and requires only that a motion for summary judgment be served at least ten days before the time fixed for hearing, therefore the five day notice requirement of Rule 44.01(d) has no application to this "unique action."

Relator cites no authority for this argument and his action in serving notice calling up the motion for hearing upon the insurance company lawyers on several occasions between July and November, 1977, would indicate to us that he, too, opined that his adversary was entitled to some timely no-

tice before the motion could be heard and ruled. We conclude, as we shall hereinafter demonstrate, that the insurance company, under the admitted facts of this case, was entitled to the notice required by Rule 44.-01(d) and the respondent did not exceed his jurisdiction in setting aside the order of November 25, 1977.

Initially, relator contends respondent lacked jurisdiction to act on the insurance company's motion to set aside the court order of November 25, 1977, because it was not filed until January 6, 1978, fifty-two days after entry of said order. Therefore, we must examine the order to ascertain whether it is controlled by Rule 75.01, whereby a trial court loses control over a "judgment" thirty days after its entry.

■ We have under consideration an order entered in a declaratory judgment action seeking a declaration of the rights and liabilities of the parties growing out of two insurance contracts. Rule 37, Ch. 527, V.A.M.S. In such actions the trial court must make a declaration of the rights of the parties and include such declarations in its judgment or decree. *Smith v. Pettis County*, 345 Mo. 839, 136 S.W.2d 282, 285 (1940); *Wm. A. Smith Contracting Co. v. Missouri Pac. R. R.*, 575 S.W.2d 865, 867[1] (Mo.App. 1978).

■ The court order of November 25, 1977, is not a judgment as that term is employed in Rule 75.01. It is, at most, an order merely sustaining relator's motion for summary judgment or dismissal and as such constituted an order authorizing entry of a declaratory judgment. It should have declared the rights of the parties to the action, and could not become a judgment until a decree was entered "so worded as to express the final sentence of the court on the matters contained in the record." *Campbell Sixty-Six Express, Inc. v. Dalton*, 378 S.W.2d 558, 560[2] (Mo.1964). The order was, at best, interlocutory in nature, still under control of the trial court and subject to being modified, altered or even set aside anytime prior to the time a proper decree declaring the rights of the parties was entered constituting a judgment which

would become final thirty days after entry. *Thompson v. Hodge*, 348 S.W.2d 11, 13 (Mo. App.1961).[1]

We hold that the trial court was not deprived of jurisdiction to set aside its order of November 25, 1977, by reason of Rule 75.01.

▮ While we do not agree with relator's categorization of summary judgment as a "unique action," we recognize that by its very nature summary judgment is intended, where appropriate, to afford a litigant prompt resolution of his lawsuit, free from inordinate delays sometimes associated with a trial by jury. After the pleadings, depositions, admissions and affidavits, if any, are on file, if it is clear that there is no genuine issue of fact summary judgment may be entered. *Brown v. Prudential Insurance Company of America*, 375 S.W.2d 623, 628–629[3, 4] (Mo.App.1964). Nevertheless, despite the summary nature of the motion, the phraseology of the Rule itself requires a hearing, except where waived, and one of the purposes of the hearing is to insure that the parties have the opportunity to assemble and present evidence supporting their respective positions. *Sherman v. AAA Credit Service Corporation*, 514 S.W.2d 642, 644[2] (Mo.App.1974).

Rule 74.04(b) permits a defendant, as Mr. Boyer is in the underlying declaratory judgment action, to move at any time for a summary judgment in his favor with or without supporting affidavits. However, said motion for summary judgment shall be served at least ten days before the time "fixed for the hearing." The Rule does not specify how the date for the hearing shall be "fixed" nor does it, as relator points out, mention that the adverse party be noticed of said hearing date.

A "motion or summary judgment" is, after all, a "motion." It may or may not be served on an adverse party simultaneously with the notice specifying the date "fixed for the hearing." The purpose of the ten day service requirement is to afford the adverse party an opportunity to prepare to oppose the motion and demonstrate that there is a genuine fact issue to be resolved. This case demonstrates that following the filing of the summary judgment motions other procedural steps may follow rendering the initial motion nugatory and result in the filing of a subsequent motion for summary judgment following the employment of discovery tools which had not been previously used.[2]

▮ In the absence of any notice requirement in Rule 74, we are of the opinion that the notice requirements of Rule 44.01(d) must be complied with by reason of the provision in Rule 41.01(a) that Rules 41 through 101 apply to and govern all civil actions in the Circuit Courts of the state. We conclude that written notice of the calling up of the motion for hearing on November 25, 1977, was necessary and that the respondent did not act in excess of his jurisdiction in setting aside his order of November 28, 1977, on this ground.[3]

▮ Relator also contends that the respondent acted in excess of his jurisdiction in setting aside its order of November 25, 1977, on grounds that the insurance company's counsel had neither actual nor constructive notice that the motion would be heard on November 25, 1977. The basis for this claim arises out of the continuance of the hearing of November 18, 1977. Rela-

1. Relator has contended throughout that a summary judgment was what this order granted. We have considered it from that position. The order is not clear which motion was sustained.

2. After Mr. Boyer's motion to dismiss was filed the plaintiff in the declaratory judgment action filed its first amended petition alleging for the first time that coverage on the Plymouth under the Ditz's policy had been cancelled prior to the date of the collision. Mr. Boyer's counsel then took the depositions of Mrs. Ditz and the insurance company's agent and filed an amended motion for summary judgment and supported it with those depositions to rebut the insurance company's claim that the Plymouth was not covered under the policy with $50,000.00 coverage.

3. We find it unnecessary to reach the notice requirement of Rule 12(c) of the Rules of the 21st Judicial Circuit.

tor's counsel had noticed the insurance company's counsel in writing on November 8, 1977, that the motion would be heard at 9:00 a. m. on November 18, 1977.

The parties agree that the hearing set for November 18, 1977, was continued for the convenience of the attorney for the insurance company. Relator's counsel contends that it was agreed between both counsel that the motion would be taken up on November 25, 1977; the insurance company lawyer denies any such agreement. This issue was presented to the trial court and decided adversely to the relator's position. In this prohibition proceeding relator has alleged these circumstances and supported these allegations with affidavits of his counsel and his counsel's wife and daughter, relative to a telephone conversation of November 17, 1977, between the two lawyers. The respondent's return denies that any agreement existed between the attorneys to the effect that the motion for summary judgment could be heard on November 25, 1977. It alleges that the insurance company's counsel first learned of the order of November 25, 1977, on January 5, 1978, when he received a copy of a petition for allowance of attorney's fee filed by relator's counsel. We are not privy to what evidence was before respondent, and we are not prepared in this proceeding in prohibition to hold that the respondent acted in excess of his jurisdiction in setting aside the order of November 25, 1977 on these grounds. Respondent, having jurisdiction over the motion to set aside the order, also possessed jurisdiction to resolve such questions of fact as whether the insurance company counsel had agreed to the setting of November 25, 1977.[4] Obviously, by his ruling he decided this issue contrary to relator's argument. We are not in a position in this proceeding to hold, on the basis of this record, that respondent acted arbitrarily.

4. The respondent, in his return to our Preliminary Rule also alleges that notice of his action sustaining Mr. Boyer's motion for summary judgment did not appear in the St. Louis Countian, a legal newspaper, and in its Points Relied On claims that the Clerk of the Circuit Court of

Preliminary Rule in Prohibition ordered quashed.

STEPHAN, P. J., and STEWART, J., concur.

St. Louis County did not notify counsel for the insurance company of the entry of said order as required by Rule 74.78, and therefore said order or judgment had to be set aside within six months upon a showing of good cause. We find it unnecessary to rule on this argument.