**THE FIREMEN'S RETIREMENT SYSTEM OF ST. LOUIS,** Appellant,

v.

**CITY OF ST. LOUIS,** Respondent.

No. 52525.

Missouri Court of Appeals, Eastern District, Division One.

June 16, 1987.

Rehearing Denied July 15, 1987.

William H. Bartley, John Goffstein, Paula D. Seabaugh, Bartley, Goffstein, Bollato and Lange, St. Louis, for appellant.

James J. Wilson, Julian L. Bush, Elkin L. Kistner, St. Louis, for respondent.

CRIST, Judge.

The Firemen's Retirement System of St. Louis (Retirement System) appeals from a summary judgment entered in favor of City of St. Louis (City) in a declaratory judgment action initiated by Retirement System to have a city ordinance declared invalid. We dismiss for failure to appeal from a final, appealable judgment.

State statutes authorizing City to create Retirement System are found in §§ 87.120 to 87.370, RSMo 1978. In 1983, § 87.175.1 was amended. In response, City enacted Ordinance 59018 on December 28, 1983. While this ordinance purported to comply with the statute, its provisions provide for a reduced level of contribution to Retirement System from City than is provided for by statute.

City sought dismissal of the lawsuit claiming Retirement System did not have legal capacity to sue. The circuit court overruled this motion. City then sought summary judgment or, alternatively, sought dismissal based on the lack of capacity to sue. Retirement System also sought summary judgment. The circuit court sustained City's motion for summary judgment and overruled Retirement System's motion. This appeal followed.

In *State v. Stussie*, 592 S.W.2d 269 (Mo. App.1979), this court held an order sustaining a motion for summary judgment or dismissal entered in a declaratory judgment action was interlocutory, and therefore nonappealable, until the trial court entered a proper decree declaring the rights of the parties. *Id.* at 272[3].

City attempts to distinguish *Stussie* claiming the court in *Stussie* assumed the appeal was from the grant of summary judgment and not a dismissal. City claims this court can find the circuit court's order was a dismissal for lack of capacity to sue.

In this case, the circuit court specifically overruled the motion to dismiss based on lack of capacity to sue. When again given the chance to dismiss, the circuit court stated it was granting summary judgment. We find no reason to assume the circuit court dismissed the case, and the present case is not distinguishable from *Stussie*.

On reconsideration of this case the trial court should consider amending its interlocutory judgment to make specific findings and a determination as to Retirement System's standing to sue; whether there is a justiciable controversy, a declaration of rights and on such other issue as may be properly before the trial court.

Appeal dismissed.

SATZ, P.J., and KELLY, J., concur.