Faye CORZINE, Appellant,

v.

James Albert STOFF, Respondent.

No. 35003.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 18, 1973.

Motion for Rehearing or Transfer to Court En Banc or to Supreme Court Denied Jan. 11, 1974.

*Application to Transfer Denied*
March 11, 1974.

Joseph Langworthy, Pacific, for appellant.

W. H. S. O'Brien, Festus, Kent E. Karohl, David Korum, Kirkwood, for respondent.

DOWD, Chief Judge.

A paternity action.

This is an appeal from a judgment and order of the Circuit Court finding all issues in favor of defendant and against plaintiff. By her petition, plaintiff sought a judgment against defendant for $450 in back support and an order for $25 per week future support for the support of plaintiff's daughter, Tracy Lynn, who was born out of wedlock. Plaintiff alleged that the child was fathered by defendant.

Plaintiff filed her petition and defendant was served with summons. When the case came to trial on March 1, 1972, defendant did not appear. Following plaintiff's testimony, the court found defendant to be in default and rendered judgment for plaintiff according to the prayer in her petition. Two days later, on March 3, 1972, defendant filed a motion to set aside and vacate judgment or alternatively to order a new

trial. The court sustained defendant's motion and set aside the judgment on March 16, 1972. Defendant filed an answer denying each and every allegation of both counts in plaintiff's petition.

Trial was held on September 12, 1972, before the court without a jury. Plaintiff testified that she was the mother of Tracy Lynn Stoff born June 9, 1971. At the time plaintiff became pregnant, she was going with defendant. For approximately five months before and five months after she became pregnant, plaintiff testified she had sexual relations with defendant and no one else. Plaintiff testified that defendant is the father of Tracy and that he has never contributed anything to her support.

On cross-examination plaintiff testified that she last had intercourse with defendant when she was five months pregnant. Plaintiff was asked about other men with whom she had had sexual relations. She admitted having intercourse with three other men prior to the time she began seeing the defendant. Plaintiff also admitted that she had been pregnant twice previously when she was not married.

Defendant testified that he saw plaintiff with the baby and that he did not think it looked like him. Defendant asked plaintiff if it was his baby and plaintiff responded, "what would you do if you found out it wasn't?" When defendant said he would never see her again, plaintiff said it was defendant's child. Defendant testified that he had had sexual intercourse with plaintiff. Defendant had been married prior to the time he was seeing plaintiff. During the five years he was married, he and his wife tried but were unable to have children. Defendant testified that plaintiff has never asked him to contribute to the baby's support.

Plaintiff raises two points on this appeal; first, that the court erred in setting aside the default judgment, and second, that the court erred in finding for defendant in that the evidence was insufficient to sustain such a finding.

We deal first with the court's setting aside the default judgment. Under Rule 75.01, V.A.M.R., a trial court "retains control over judgments during the 30 day period after entry of judgment and may vacate, reopen, correct, amend or modify its judgment for good cause within that time."

■ Trial courts are vested with considerable discretion in passing on motions to vacate judgment and motions for new trial and their rulings will not be overturned on appeal unless there has been an abuse of that discretion. Vaughn v. Ripley, 416 S.W.2d 226 (Mo.App.1967). An appellate court is less likely to interfere when the trial court has set aside a default judgment than when it has not. Kollmeyer v. Willis, 408 S.W.2d 370, 380 [14] (Mo. App.1966).

■■ The propriety of the trial court's action must be judged by whether it was taken "for good cause." That term connotes a remedial purpose in a matter addressed primarily to the conscience of the court and should be interpreted with commensurate liberality, not only to prevent a manifest injustice but to avoid a threatened one, especially in cases tried without a jury where evidence on one side only is presented. Vaughn, *supra,* 416 S.W.2d at 228.

■ In the instant case, defendant's motion was filed two days after the default judgment was entered. For his grounds, defendant alleged that he was not notified of the trial date, that he had a bona fide defense, and that his failure to appear was entirely due to his attorney's mistake. Although ignorance or negligence of counsel not occasioned by the adverse party generally are not grounds for vacating a judgment, Hamm v. Hamm, 437 S.W.2d 449 (Mo. App.1969), defendant here also alleged that he was not notified of the trial date and that he had a bona fide defense. Since the trial court has broad discretion in these matters, its action in setting aside the default judgment to afford defendant the

opportunity to present his defense cannot be said to be an abuse of that discretion.

In considering the sufficiency of the evidence, we note that in a court tried case, we review the case upon both the law and the evidence, giving due deference to the trial court's opportunity to judge the credibility of the witnesses, and the judgment will not be set aside unless clearly erroneous. Rule 73.01(d).

Defendant, by his answer, denied paternity. The only evidence of paternity was plaintiff's testimony that she considered him to be the father. Defendant testified that he asked plaintiff if he was the father and she asked defendant what would he do if he were not. When defendant said he would not continue seeing her, plaintiff said that the baby was his. Defendant testified that this verbal exchange caused him to doubt he was the father of the baby.

From our examination of the record, we can readily understand the basis for the experienced trial judge's findings against plaintiff. Here the plaintiff admitted that she had intercourse with three other men prior to keeping company with the defendant and had two pregnancies out of wedlock. Obviously, the trial judge did not believe the plaintiff's testimony that the defendant was the father of the child; nor was the trial court required to believe this testimony. The trial court, in its role as the trier of fact, may believe or disbelieve any testimony affirmatively or defensively adduced by either of the parties notwithstanding that such testimony is uncontradicted and unimpeached. Adam Hat Stores, Inc. v. Kansas City, 316 S.W.2d 594, 598 [3] (Mo. banc 1958); Superior Loan Corporation of Buffalo v. Robie, 476 S.W.2d 144, 149 (Mo.App.1972).

It is apparent that the judgment of the trial court was not clearly erroneous and we therefore affirm.

SIMEONE and KELLY, JJ., concur.