**C. Dean BURKE, Appellant,**

v.

**Lloyd D. DOERFLINGER, Respondent.**

**No. 38130.**

Missouri Court of Appeals,
St. Louis District,
Division One.

April 4, 1978.

Motion for Rehearing and/or Transfer
Denied May 9, 1978.

Application to Transfer Denied
June 15, 1978.

Smith, Lewis & Rogers, Robert C. Smith, Columbia, for appellant.

Robert W. Henry, Clayton, for respondent.

RONALD M. BELT, Special Judge.

Plaintiff, C. Dean Burke, appeals from the order of the circuit court quashing a temporary restraining order enjoining the foreclosure sale of property, and rendering judgment in favor of defendant, Lloyd Doerflinger, Jr., on his counterclaim for the balance due on three promissory notes.

This cause arose from defendants' attempt to foreclose on three deeds of trust which encumbranced to defendant real estate owned by plaintiff, as security for the notes. Plaintiff Burke filed a petition to enjoin the sale of property, praying for a restraining order and for an accounting setting forth the principal and interest due on each deed of trust. Defendants counterclaimed for $15,079.10 due on the promissory notes and expenses incurred in collection attempts. On October 10, 1975 the temporary restraining order was issued.

Trial on the cause was set for January 14, 1976. On that date plaintiff's counsel announced that plaintiff (who did not appear) was not ready, and requested a continuance. Following a discussion with counsel of both

parties, the court denied plaintiff's request for a continuance. Defendant's evidence, briefly summarized, was as follows: On May 1, 1975, he purchased three promissory notes, encumbrancing the property owned by plaintiff. Although demand for payment on the notes was made of plaintiff, no payments were received by defendant since the date of purchase of the notes. Defendant made an oral accounting for the court, indicating the amount of principal and interest due on each note. He testified that the total amount owed was $13,566.46, plus $1,810.60 for expenses incurred in collection.[1]

The court quashed the temporary restraining order enjoining the sale of plaintiff's property, and entered judgment in favor of defendant on his counterclaim in the amount of $13,566.46 for principal and interest, $1,810.60 for collection costs, and $825 for attorney's fees, totaling $16,202.06. Plaintiff filed a motion to set aside the judgment and reinstate the restraining order, which was denied.

On appeal, plaintiff alleges two points: (1) the trial court erred in overruling his motion for continuance; and (2) the trial court erred in overruling his motion to set aside the judgment and reinstate the restraining order.

In his first point, plaintiff alleges the "trial court arbitrarily refused [his] application for a continuance." He contends he had two reasonable grounds for the continuance: (1) he had a law school exam scheduled that day in Chicago, Illinois; and (2) a snowstorm the evening before the trial made travel impossible. Plaintiff also asserts that a continuance should have been granted because the trial date was improperly set.

We reject plaintiff's contentions. Initially, as plaintiff admits in his brief, the oral motion for continuance on the morning of trial failed to comply with S.Ct. Rules 65.03 and 65.04. There was no verified motion;

there was no evidence that plaintiff tried to obtain his testimony or deposition for the trial; it was not shown what particular facts the party-plaintiff would prove; nor were any offers of proof or supporting affidavits to the grounds raised by plaintiff provided to the court at that time or thereafter.

In response to plaintiff's latter assertion, the record indicates that the January trial date was set in early November. Plaintiff was notified of the January trial setting by letter from the Clerk of the Court, dated November 18, 1975. No objection to the trial setting was ever made to the Court, and no request for a continuance was made in the intervening two months.[2]

■ The court is vested with discretion in granting or denying a continuance, and on appeal every intendment is in favor of the Court's ruling. *State ex rel. State Highway Com. v. Herman,* 546 S.W.2d 488, 493[8] (Mo.App.1976). Although a party has a right to attend his trial . . . his absence is not always reason for a continuance. *Blessing v. Blessing,* 539 S.W.2d 699, 702[3, 5] (Mo.App.1976).

■ Under the circumstances of this case and plaintiff's *total noncompliance* with the rules cited above, we find the trial court did not abuse its discretion in overruling plaintiff's oral motion for continuance and in requiring the cause to proceed to trial as scheduled.

■ Plaintiff's second point alleges the trial court erred in overruling his motion to set aside the judgment and reinstate the restraining order. Pursuant to Rule 75.01, the "trial court retains control over judgments during the 30 day period after entry of judgment and may vacate, reopen, correct, amend or modify its judgment for good cause within that time." However, a motion to set aside a judgment rests within the sound discretion of the trial court, and

1. The notes provided that in the event of default in payment defendant was entitled to charge a reasonable fee for collection.

2. The record indicates that plaintiff knew of a possible conflict between his exam schedule and the trial date at least a couple of weeks prior to trial.

on appeal that decision will not be disturbed unless there has been a clear abuse of discretion, *Corzine v. Stoff,* 505 S.W.2d 162, 164[1] (Mo.App.1973).

Plaintiff argues that his absence from trial and the lack of action from his trial counsel actually resulted in a "default" judgment, demanding equitable relief. Even so, to prevail on a motion to vacate a default judgment, the plaintiff has the burden of showing a good excuse for default and a meritorious defense to the claim. *Luce v. Anglin,* 535 S.W.2d 504, 507[2] (Mo. App.1976). In ruling as we did under Point I, we necessarily found that plaintiff did not meet his burden of showing a good excuse for his absence from trial. Plaintiff would have us waive this requirement on the allegation that the fault lies with the inaction of his counsel. Trial counsel's negligence in acting or failing to act on plaintiff's behalf in the cause, if it occurred, is imputable to plaintiff. *Askew v. Brown,* 450 S.W.2d 446, 450 (Mo.App.1970). Further, such negligence of counsel is generally not a basis for vacating the judgment. *Corzine, supra,* at 164.

We have reviewed the case upon the law and the evidence (Rule 73.01) and in accordance with the standards set out in *Murphy v. Carron,* 536 S.W.2d 30 (Mo.banc 1976). Finding no error, we affirm.

SIMEONE and WEIER, JJ., CLEMENS, P. J., and MARSHALL CRAIG, Special Judge, concur.