N.R., as next friend of N.R.J.D., a minor, Plaintiffs-Appellants,

v.

A.D., Administrator of the Estate of R.J.D., Defendant-Respondent.

No. 48929.

Missouri Court of Appeals, Eastern District, Division One.

April 2, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 17, 1985.

James J. Sauter, St. Louis, for plaintiffs-appellants.

Donald L. Schlapprizzi, St. Louis, for defendant-respondent.

GAERTNER, Judge.

This action was originally brought against R.J.D. seeking a declaration of paternity, an award of child custody and maintenance of minor appellant, N.R.J.D. Filed in November, 1975, the action proceeded to discovery when certain requests for admissions were filed by plaintiffs but never answered by defendant. The same matters were responded to in a deposition taken by plaintiffs' attorney only five days later. Prior to trial, R.J.D. died and the court denied appellants' motion to substitute the administrator of his estate. On appeal that order was reversed and the case remanded. *N.R. v. R.J.D.*, 588 S.W.2d 76 (Mo.App.1979).

The substitution made, the cause proceeded to trial in November, 1981. The evidence presented to the court without a jury consisted of the depositions of the mother, the putative father and a fellow employee of the mother, photographs of the deceased putative father and a visual examination of the child, together with the unanswered requests for admission. These unanswered requests established that R.J.D. and N.R. had intercourse on specific dates in November and December of 1974 and January 5 and 10 of 1975, and that R.J.D. stated to N.R. that he believed he was the father of the child. In his deposition taken June 9, 1975, however, R.J.D. testified that he believed he was not the father. The trial court found against plaintiffs, in part by construing the requests for admissions to have been substantially answered by the deposition testimony.

On appeal we held this to be an erroneous application of Rule 59.01. We held that the failure to answer a request for admission conclusively establishes the matter thus admitted unless the court permits withdrawal or amendment of the admission. *N.R. v. A.D.*, 655 S.W.2d 733, 735–36 (Mo.App.1983). The cause was remanded "for a reevaluation of the evidence" in light of this interpretation of the admissions. *Id.* at 737. We noted our inability to dispose of the case under Rule 84.14 because the evidence regarding a comparison of the features of the child and the deceased putative father were not before us. *Id.* at 737.

On remand, plaintiffs filed a motion for a hearing to supplement the record, offering to introduce photographs of the child and R.J.D. and tape recordings of telephone conversations between the mother and R.J.D. The trial court denied this motion and again found in favor of defendant. On this appeal, plaintiffs contend the trial court erred because the judgment was based on statements in the deposition that contradicted matters admitted by the failure to respond to the requests for admissions, in denying the motion for a hearing to supplement the record and that the judgment of the trial court was against the greater weight of the evidence. We affirm.

Plaintiffs' argument that the trial court's decision was erroneously based on the deposition answers in violation of Rule 59.01 as interpreted by this court's earlier opinion is refuted by the language of the court's order. The trial court carefully noted that none of the content of the deposition was being construed to affect the conclusiveness of the admissions. The distinction between the deposition testimony and the language of the request is subtle, but discernible. The unanswered requests for admissions established that the mother and R.J.D. had sexual intercourse on certain specific dates and that he stated to her that he believed he was the child's father. His deposition testimony, on June 9, 1976, was that at that time he had no doubt he was not the father. The trial court gave conclu-

sive import to the admission that R.J.D. had made the *statement* to plaintiffs' mother, but distinguished that fact from his contrary belief as expressed in the deposition. Our prior ruling was that the failure to deny the request for admission precluded the introduction of evidence tending to disprove the making of the statement; it did not preclude consideration of evidence that the speaker may not in fact have believed what he said nor that he may have subsequently obtained additional information causing him to alter his earlier belief. It is the recited statement of fact as set forth in the request for admission which is deemed admitted by a failure to deny, but nothing more. Thus, plaintiffs' contention that the trial court erroneously considered evidence which contradicted the admission in violation of our prior decision is expressly refuted by the trial court's order.

■ Plaintiffs' contention of error in the denial of the motion to supplement the record is based upon a misconception of our prior ruling. We directed the trial court to reevaluate the evidence in light of the conclusive effect of the admission. That is exactly what the trial court did. The supplementation of the record sought by plaintiffs' motion consisted of photographs of the child and R.J.D. and tape recordings of telephone conversations between him and the mother. A transcript of the tape recordings reveals nothing of import except R.J.D.'s statement that he believed he was the father, a statement previously admitted. At the original hearing photographs of R.J.D. were in evidence and the trial court visually observed the child. We find no error in the exercise of the trial court's discretion in refusing to accept additional photographic evidence. References in our earlier opinion to the admission of evidence permitting a comparison of features of the child and the putative father referred to the record before us, not to the evidence before the trial court. Moreover, this omission from the record was noted only in explanation of our refusal to exercise discretion under Rule 84.14 to make a final disposition of the case on the merits.

■ Plaintiffs' final point, that the trial court's finding was not supported by the evidence and is against the greater weight of the evidence, is also without merit. In addressing this point we recognize that in this case, submitted on depositions and exhibits, there is an exception to the general rule requiring that we give deference to the trial court's assessment of the credibility of witnesses. *Kenilworth Insurance Company v. Cole*, 587 S.W.2d 93, 98 (Mo. App.1979). Nevertheless, the standards of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976) that we should exercise our power to set aside the judgment in a court-tried case only with caution and a firm belief that the judgment is wrong, remains applicable. *Kenilworth Insurance Company v. Cole*, 587 S.W.2d at 100. Having reviewed all the depositions and the exhibits in light of these standards, we are unable to arrive at such a belief.

■ In a paternity action involving a child born out of wedlock, the proponent must establish paternity by a preponderance of the evidence, unaided by the presumption of legitimacy afforded by marriage. *B. v. B.*, 673 S.W.2d 819, 822 (Mo. App.1984). Obviously, the credibility of the mother who seeks to establish paternity is crucial in such a case. As noted in *Corzine v. Stoff*, 505 S.W.2d 162, 165 (Mo.App.1973) factors the court may consider include a history of sexual promiscuity and children conceived out of wedlock. In this case, there is considerable evidence in this case casting doubt upon the credibility of the mother. The child at issue here is the third child she conceived out of wedlock. She testified to having sexual relations with R.J.D. the first time they went out together. When asked by another waitress employed at the restaurant where she worked how she knew R.J.D. was the father of her child since she was associating with other men at the same time, her response was "well, he's the one that going to pay for it." In addition, her fellow waitress related another conversation in which the mother bragged that she "knew the way around, the way to get money out of men."

The testimony of this waitress who had worked with the mother was the only testimony of a disinterested, non-party to the lawsuit.

The mother testified that when she went to an abortion clinic she was told that she was too far along in her pregnancy for a legal abortion. The evidence established this trip to the abortion clinic was approximately in the middle of March, 1975, about one month after February 19, 1975, when she saw the doctor who confirmed her pregnancy. If, as she adamantly contends, she was impregnated on January 5 or 10, she would have been only 9 or 10 weeks into the pregnancy, well within the first trimester. *See Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). The trial court concluded she falsely told R.J.D. she was 12 weeks pregnant at that time in order to induce him to believe he could have been the father.

Claiming that she made daily entries in a diary of "what was happening in my life," the mother testified with explicit specificity to when and where she went and what she did with R.J.D. (in her requests for admissions she enumerated 16 specific occasions of sexual intercourse with him between November 1, 1974 and January 10, 1975). In contrast, her description of the occasions on which she was with some four other men during a comparable time period was vague and uncertain in regard to both dates and places.

█ Because our earlier opinion noted that no evidence was before us regarding a comparison of the child's features and those of R.J.D., appellants have filed with this court photographs of both. These photographs do not contain any similarity so striking as to convince us the trial court was wrong in holding, after visualizing the child in comparison to photographs of R.J.D., that there was no resemblance. Our review of the record in its entirety falls far short of creating a "firm belief" that the finding of the trial court, that plaintiffs failed to sustain the burden of

proof required to establish paternity, is wrong.

Judgment affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.