AQUATICS UNLIMITED,
Plaintiff-Respondent,

v.

TREASURE LAKE RESORT CAMPING
CLUB, INC., Defendant-Appellant.

No. 14244.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 20, 1986.

Motion for Rehearing or Transfer
Denied Oct. 31, 1986.

Loren R. Honecker, Springfield, for defendant-appellant.

Ben K. Upp, Montgomery, Twibell & Upp, Springfield, for plaintiff-respondent.

HOGAN, Presiding Judge.

This appeal is taken—on a skeletal record—from the entry of a summary judgment for plaintiff Aquatics Unlimited. A chronology is necessary to an understanding of the case.

## I

### (a)

*May 25, 1984*—Plaintiff's petition was filed in the Circuit Court of Taney County.

*May 30, 1984*—Service was had on defendant's registered agent.

*June 28, 1984*—An answer was filed by leave of court. The answer, omitting only the name of defendant's trial counsel, reads: "Comes now the Defendant by its attorney ... and for its answer to the Petition of Plaintiff, enters herewith its general denial and prays to be discharged with its costs." It is to be noted that plaintiff's corporate existence was not put in issue by this general denial. *United Farm Agency v. Howald*, 263 S.W.2d 889, 893[9] (Mo.App.1954).

*September 10, 1984*—Plaintiff filed Interrogatories and a Request for Admissions. The request for admissions faithfully tracks the allegations of the petition, except for the allegation of plaintiff's corporate existence. That allegation was not in issue. Service by mail was authorized by Rule 43.01(a) and mailing to defendant's counsel was certified as of 7 September 1984. Under the provisions of Rule 43.-01(c)(2), service was complete on mailing.

*September 20, 1984*—The cause was set for hearing on October 3, 1984, at 9:00 a.m.

*September 26, 1984*—Defendant moved for a change of judge.

*September 27, 1984*—By the operation of Rule 59.01(a), every matter of which an admission was requested stood admitted.

*February 15, 1985*—Plaintiff's attorney moved for a summary judgment. The motion specifically advised defendant's attorney that plaintiff would "rely upon the pleadings and admissions on file." Proof of service was made by certificate and again under the provisions of Rule 43.-01(c)(2), service was complete on the day of mailing.

*February 27, 1985*—The legal file shows a letter addressed to the court, with copy to the defendant's attorney. The substance of the letter, as it appears in the legal file, is as follows:

"This will confirm our telephone conversation of Tuesday, February 26, 1985, wherein you set for hearing the pending Motion for Summary Judgment filed in the above case. The hearing is scheduled at 2:00 p.m. Thursday, March 7, 1985.

By a copy of this letter, I am notifying the Clerk's office and attorney for the defendant ... of the setting...."

*March 7, 1985*—The following docket entry appears: "Plaintiff by Attorney Ben Upp. Defendant appears not. Arguments

and suggestions heard, plaintiff's motion for summary judgment granted as prayed."

*April 4, 1985*—Motion to vacate Summary Judgment. Suggestions to Support Motion. Notice, Affidavit and Motion to enlarge time.

*April 5, 1985*—"Respondent's Motion to set aside summary judgment granted on grounds of insufficient time for notice of hearing on summary judgment. So ordered."

*April 8, 1985*—The following docket entry appears: "Court reconsiders motion to set aside summary judgment in light of fact that said motion was filed only two days before [the] court lost jurisdiction, that opposing counsel had no notice and that [the] court has now talked by phone with both attorneys (by their agreement), the court now finds and orders that the motion to set aside the summary judgment is overruled and the original summary judgment continues in full force and effect. So ordered."

**(b)**

The defendant's second point addresses the dispositive issue on this appeal. As stated, it is: "The trial court erred in entering summary judgment in favor of plaintiff on April 8, 1985, because both that judgment and the preceding summary judgment which it purported to revive were invalid in that no proper notice thereof was given to [the defendant]." We agree with the defendant that Rule 74.04(c) requires that a motion for summary judgment be *served* "at least ten days before the time fixed for the hearing." The bare record shows that this rule was complied with. In fact, defendant was twice served with the motion for summary judgment; the first motion was served February 15, 1985, as we have noted, and again on February 18, 1985. The hearing was not held until March 7, 1985, 20 calendar days after the motion was first served on the defendant.

The substance of defendant's complaint about *service* is that it did not receive *notice* of the hearing as it should have. Rule 74.04(c) does not address the question of notice of the hearing if a hearing is required. A motion for summary judgment is ordinarily only a pretrial motion. In *State ex rel. Boyer v. Stussie,* 592 S.W.2d 269 (Mo.App.1979), the court noted that "Rule [74.04] does not specify how the date for the hearing shall be 'fixed' nor does it, as relator points out, mention that the adverse party be noticed of said hearing date." *Id.* at 273. The court continued:

"In the absence of any notice requirement in Rule 74, we are of the opinion that the notice requirements of Rule 44.-01(d) must be complied with by reason of the provision in Rule 41.01(a) that Rules 41 through 101 apply to and govern all civil actions in the Circuit Courts of the state. We conclude that written notice of the calling up of the motion for hearing on November 25, 1977, was necessary...."

*Id.* at 273. Neither *Pennell v. Polen,* 611 S.W.2d 323 (Mo.App.1980), *Tobler's Flowers, Inc. v. Southwestern Bell Telephone Company,* 632 S.W.2d 15 (Mo.App.1982), nor *Joseph v. Howell,* 607 S.W.2d 799 (Mo.App.1980), deals with the question of notice of the hearing in the absence of a local rule. Local rules may protect the rights of a non-moving party, but the local rules of the 38th Judicial Circuit have not been cited and we decline to inquire sua sponte.

The notice of hearing to which the defendant was entitled in this case was that provided for by Rule 44.01(d)—five days' notice of the hearing. The defendant concedes that plaintiff's counsel served his letter upon it by mail on March 7, 1985, and that "[o]n its face, this would appear to accord Appellant eight days' notice of the hearing." However, counsel argues, the exclusion of Saturday and Sunday, March 2 and 3, reduces the notice to six days. Again we agree. We cannot agree that Rule 44.01(e) was applicable; counsel does not state what act or proceeding the defendant had the right to or was required to do after being served with notice of the hearing, and in our opinion there was none. Defendant had adequate notice of the hearing.

In any event, counsel argues, these rules are of little significance, inasmuch as it received no notice at all of the judgment entered by the trial court on April 8, save a telephone conference on the date judgment was entered. The assumption implicit in this argument is that the order of April 5, 1985, was a valid order, and that premise is incorrect. The defendant filed an affidavit with its motion to vacate, and that affidavit constituted competent evidence of the facts stated therein. *Ray v. Lake Chevrolet-Oldsmobile, Inc.*, 714 S.W.2d 928, 931 (Mo. App.1986). However, the affidavit, if believed, was that defendant's counsel called plaintiff's counsel by telephone on March 4, 1985, and advised him that he intended to file and call the motion to vacate the following day. This was not reasonable notice of defendant's intended action, and in our view the entry of April 5, 1985, was void. The court did not act of its own motion; the entry of April 5 specifically recites that the summary judgment was vacated pursuant to defendant's motion and plaintiff was entitled to five days' notice. *State ex rel. Stoffer v. Moore*, 628 S.W.2d 637, 643 (Mo. banc 1982). In our view the order of April 5 was void, and there was no need to "re-enter" the judgment of March 7 because it had never been effectively set aside. The point is without merit.

## II

The defendant also argues that the plaintiff did not show its right to recover by unassailable proof, as required by Rule 74.04(h). In part, this argument rests on the assumption that the entry of April 8, 1985, "must be considered as an independent order granting summary judgment"—an argument we have already rejected—but to consider the point fully, we must look to the nature of the motion to vacate. This case did not go by default in the same sense as *Barney v. Suggs*, 688 S.W.2d 356 (Mo. banc 1985), or *Vonsmith v. Vonsmith*, 666 S.W.2d 424 (Mo.banc 1984), but the motion to vacate was the only objection or assignment of error put before the trial court at any time after an answer was filed. Defendant's motion, filed 28 days after entry of the judgment, cannot be considered as a timely motion for new trial because it was not filed within 15 days of the entry of the judgment, and thus preserves nothing for review. Moreover an appellate court cannot consider an assignment or contention of error never raised in the trial court. *Lincoln Credit Co. v. Peach*, 636 S.W.2d 31, 36 (Mo.banc 1982); *Bunting v. McDonnell Aircraft Corporation*, 522 S.W.2d 161, 168[11] (Mo.banc 1975). The motion to vacate must be regarded as a motion to set aside for irregularity as authorized by Rule 74.32, if we are to have anything to review in this court.

The motion to vacate is drawn in two paragraphs, as follows:

"1. That the then attorney of record for [the] defendant was not provided with sufficient, good and timely notice of the hearing on plaintiff's Motion for Summary Judgment as required by the Supreme Court Rules of Civil Procedure.

2. In the alternative, defendant states that ... the then attorney of record for defendant failed and omitted to appear on defendants [sic] behalf at the hearing on plaintiff's Motion for Summary Judgment held in this Court on March 7, 1985, and failed and omitted to answer or object to either the Plaintiff's First Interrogatories To Defendant or the Request For Admissions filed by plaintiff in this cause; that defendant was totally unaware that a hearing on plaintiff's Motion For Summary Judgment was held on March 7, 1985, and only learned of the entry of a Summary Judgment against it within the few days preceding the filing of this Motion through a routine check and examination of the Court records; that defendant has a good, valid and absolute defense to plaintiff's Petition in that this defendant never insisted or requested that plaintiff perform work and labor upon or furnish material for the construction of a swimming pool and does not own any property upon which the plaintiff has constructed a swimming

pool; ... that defendant's interests will be substantially and severely prejudiced and damaged unless it be permitted to present evidence on the merits of its defenses to plaintiff's Petition and unless the Summary Judgment entered by this Court on March 7, 1985, be vacated and set aside; and that plaintiff will not be harmed or prejudiced by having the Summary Judgment set aside and vacated."

Little need be added to what was said concerning the Motion to Set Aside for Irregularity under Rule 74.32 in *Barney v. Suggs*, 688 S.W.2d at 358–59, other than to say that it may be combined with a motion in the nature of a writ of error coram nobis, as held in *Murray v. United Zinc Smelting Corp.*, 263 S.W.2d 351, 354 (Mo. 1954).[1] The motion to set aside for irregularity is directed solely to matters patent of record and may not depend upon proof beyond the record. *Barney v. Suggs*, 688 S.W.2d at 359. Such a motion does not put the sufficiency of the evidence in issue. *Barney v. Suggs*, 688 S.W.2d at 359[9]. The motion in the nature of a writ of error coram nobis depends, on the other hand, upon proof dehors the record, but relief by way of a writ of error coram nobis is not available if the irregularity is the result of a party's negligence or that of his attorney. *Boyer v. Fisk*, 623 S.W.2d 28, 30[1] (Mo. App.1981); *Askew v. Brown*, 450 S.W.2d 446, 450[2–5] (Mo.App.1970).

We have held, and the record demonstrates, that the motion was served and notice was given as required by our rules. Defendant's attorney was advised of the materials upon which plaintiff would rely. Defendant had ample time prior to the hearing to request discretionary relief from his failure to comply with the discovery rules or to prepare any affidavits or procure any documents which would create a genuine issue of fact. The motions were ignored and defendant's attorney did not attend the hearing. If a party is to be relieved under Rule 74.32, he is obliged to show some degree of reasonable diligence, and as the cases we have cited show, his attorney's lack of diligence or negligence, whichever it was in this case, is to be imputed to him. *Baughn v. Rapidways Truck Leasing Co.*, 698 S.W.2d 618, 620[1] (Mo.App.1985); *Hughes v. Christian*, 586 S.W.2d 788, 790–92 (Mo.App.1979); *Burke v. Doerflinger*, 565 S.W.2d 758, 761 (Mo. App.1978). As noted in *Burke*, the negligence of counsel is generally not a basis for vacating a judgment. *Burke v. Doerflinger*, 565 S.W.2d at 761.

### III

When no further factual adjudication is necessary, this court has the authority to give such judgment as the trial court ought to have given. It is therefore ordered that plaintiff recover the sum of $18,472.03, with interest to be calculated by the trial court. The cause is remanded with instructions to enter judgment accordingly.

PREWITT, C.J., and MAUS and CROW, JJ., concur.

---

1. In general, see N. Laughrey, Default Judgments in Missouri, 50 Mo.L.Rev. 841, 849–54 (1985); Comment, Procedure—Setting Aside Final Judgments in Missouri, 28 Mo.L.Rev. 281, 286–94 (1963).