ORION SECURITY, INC., Respondent,

v.

BOARD OF POLICE COMMISSIONERS OF KANSAS CITY, Missouri, and its Members in their Official Capacities as Commissioners: Jeffrey J. Simon, President, Joseph J. Mulvihill, Vice–President, Dennis C. Eckold, Treasurer, Dr. Stacey Daniels, Member, Kay Barnes, Member, and Tamy K. Galagher, in her official capacity as Supervisor of the Private Officers' Licensing Section, Appellants,

No. WD 58473.

Missouri Court of Appeals, Western District.

April 24, 2001.

Dale H. Close, Kansas City, for Appellant.

Robert P. Smith, Kansas City, for Respondent.

Before Special Judge JOHN E. PARRISH, Special Judge KENNETH W. SHRUM, and Special Judge KERRY L. MONTGOMERY.

KENNETH W. SHRUM, Special Judge.

Appellants appeal from the judgment of the trial court which ruled for Orion Security, Inc. ("Orion") on Orion's "Petition For Judicial Review Of The .. Decision of Board of Police Commissioners of Kansas City, Missouri."[1] Specifically, the trial court reversed Police Board's thirty-day suspension of Orion's license to conduct private security services. The question on appeal is whether the trial court erred when it entered the judgment based on a motion filed by Orion of which Appellants had no notice. We answer, "Yes." We reverse and remand.

■ The Police Board and Commissioners are empowered by §§ 84.420 and 84.720 to regulate and license private security firms that perform security services in Kansas City.[2] Orion has held such a license

---

1. In this opinion, we refer to the Board of Police Commissioners of Kansas City, Missouri, as "Police Board," Police Board members in their official capacities as "Commissioners," and Tamy K. Galagher, supervisor of the private officers' licensing section of Police Board, as "Supervisor." Collectively, we call these parties "Appellants."

2. Statutory references are to RSMo 1994 unless otherwise stated. References to rules are to Supreme Court Rules (2000).

for over a decade. In March 1998, Supervisor notified Orion that its license would be suspended for ninety days. Orion then asked Police Board to review Supervisor's decision. On January 25, 2000, Police Board rendered a decision suspending Orion's license for thirty days. Orion timely filed a petition with the Cole County circuit court for review of Police Board's decision.[3]

Section 536.130.1 provides that after a petition for review of agency action is filed, "the record before the agency shall be filed in the reviewing court" within thirty days of the initial filing. When disputes arose in this case about the content of the record or who would prepare and file the record, Orion relied on § 536.130.4 and requested that Police Board prepare and file the agency record.[4] Police Board does not dispute it had the obligation, under the circumstances, to file its agency record with the Cole County circuit court. Moreover, Police Board concedes "[i]n this case the record was due to be filed by March 1, 2000."

When Orion filed its petition for judicial review on January 31, 2000, it requested and was granted by the court, *ex parte,* a "Temporary Order Staying Enforcement of [Police Board's] Order." The Court also scheduled a hearing for March 1, 2000, "on the question of whether the [temporary order] shall be continued in effect."

Before March 1, 2000, the parties worked on a stipulation which, if agreed to, might have made unnecessary the hearing scheduled on that date. The record reflects an agreement was finally reached on the stipulation—exactly when is unclear—and on March 1, 2000, Orion's lawyer appeared before the Cole County circuit court to request the stay order be continued. In its brief, Orion asserts Police Board's lawyer did not appear in court on this date, presumably because of the stipulation.

As stated before, to comply with the thirty-day requirement of § 536.130.1, the record made before Police Board had to be filed by March 1, 2000. Police Board, however, failed to file the record by that date. Accordingly, Orion filed a "Motion For Judgment" on March 2, 2000. The motion was not verified or accompanied by affidavit. It recited the procedural history of the case, recounted the reasons why Orion claimed Police Board erred in suspending its license for thirty days, and pointed out that Police Board had "failed to file the record on judicial review pursuant to RSMo. 536 .130." Orion concluded its motion with a request for judgment in its favor, i.e., the court should set aside Police Board's finding and decision and order reinstatement of Orion's license. The certificate of service required by Rule 43.01 recited that the notice of hearing was sent to Appellants' attorney on March 2, 2000, by U.S. Mail.

**3.** Section 536.100 of Missouri's Administrative Review Act provides "[a]ny person who has exhausted all administrative remedies … and who is aggrieved by a final decision in a contested case … shall be entitled to judicial review thereof, as provided in sections 536.100 to 536.140 …." The first step for review of an administrative agency decision is *to petition therefor in a circuit court of proper venue within thirty days after receiving notice of the agency's decision.* Suburban

*Bank v. Proposed Jackson Co. State Bank,* 326 S.W.2d 420, 423 (Mo.App.1959); § 536.110.1.

**4.** In pertinent part, § 536.130.4 provides: "The record to be filed in the reviewing court shall be filed by the plaintiff (Orion), or at the request of the plaintiff [Orion] shall be transmitted by the agency [Police Board] directly to the clerk of the reviewing court and by him filed…."

On the day the motion was filed (March 2, 2000), the trial court complied with Orion's motion request. The judgment was entered without notice to Appellants about the motion, its contents, the filing of it, or the court's intent to sustain the same. The substantive provisions of the judgment provide:

"WHEREUPON the Court has considered [Orion's] Motion for Judgment,

"WHEREUPON THE COURT FINDS that [Appellants] have failed to file the record on judicial review pursuant to RSMo 536.130.

"WHEREUPON THE COURT FURTHER FINDS that the allegations contained in [Orion's] Petition for Judicial Review ... are true and accurate.

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment be and is hereby entered in favor of Orion ... and against [Appellants] as follows:

"1) The Findings of Fact, Conclusions of Law and Decision of the [Police Board] are hereby set aside; and

"2) The license of Orion ... and all individuals licensed under it is hereby reinstated."

Upon learning of the judgment, Police Board moved to set it aside. The trial court denied the motion, and this appeal followed.

In their first point, Appellants rely on Rule 44.01(d) to argue they were entitled to a five-day notice and an opportunity to be heard on Orion's "Motion For Judgment." They charge the court committed reversible error when it entered the judgment without giving them an opportunity to be heard. We agree.

■ At the outset, we note that although the Administrative Review Act is silent about the penalty or consequence when an agency fails to timely file its record in the circuit court as required by § 536.130.1, timely filing thereof is not a jurisdictional requirement. *Greene County v. Hermel, Inc.,* 511 S.W.2d 762 (Mo.1974); *Knapp v. Local Gov't Employees Ret. Sys.,* 738 S.W.2d 903 (Mo.App.1987). Accordingly, a circuit court has authority to grant an extension application made after the original thirty-day period has expired. *Bresnahan v. Bass,* 562 S.W.2d 385, 389 (Mo.App.1978).

■ Turning now to the notice issue, Rule 44.01(d) requires, unless otherwise ordered by the Court, "[a] written motion ... and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing[.]" When a party is entitled to be heard, such opportunity " 'must be granted at a meaningful time and in a meaningful manner.' " *Grissom v. Grissom,* 886 S.W.2d 47, 58 (Mo.App.1994) (quoting *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965)).

■ "Notice is an integral part of our system of justice, even without legislation or specific court rule." *Madsen v. Madsen,* 731 S.W.2d 324, 325 (Mo.App.1987). Thus, in *Baker v. Baker,* 274 S.W.2d 322 (Mo.App.1954), the court ruled:

"That Supreme Court Rule 3.25 is silent as to notice does not permit us to conclude, as plaintiff would have us do, that no notice of intended action thereunder need be given, for the 'requirement of reasonable notice goes deeper than that.' 'In our system of jurisprudence reasonable notice to a litigant (when there exists even the possibility of action adverse to his interests) is deemed to be of the essence of fairness and justice'—'a prerequisite to the lawful exercise of the court's power'—'basic in simple fundamental justice.'

. . . .

"[T]he purpose of reasonable notice is that the party to be affected adversely 'may appear for his own protection.'"

*Id.* at 325–26 (citations omitted).

In explaining the notice requirement, the Supreme Court of Missouri has declared: "'It is a cardinal principle, that whenever a party's rights are to be affected by a summary proceeding, or motion in court, that party should be notified in order that he may appear for his own protection.'" *Wheatley v. State,* 559 S.W.2d 526, 527 (Mo.banc 1977) (citation omitted).

■ Although the Administrative Review Act does not specify that a hearing must be held before a circuit court acts upon a motion such as was filed here, nor mention that an adverse party must be given notice if a hearing is held, nor provide how the date for such hearing be "fixed," there are cases with analogous factual circumstances that give guidance on these questions. For example, in *Aquatics Unlimited v. Treasure Lake Resort,* 719 S.W.2d 117 (Mo.App.1986), the trial court entered a summary judgment for Aquatics Unlimited on March 7, 1985. Twenty-nine days later, on April 5, 1985, the court set aside the judgment pursuant to a written motion filed by Treasure Lake. No notice was given Aquatics Unlimited regarding the "set-aside" motion or the hearing thereon. On April 8, 1985, the court "reconsidered" its set-aside order and declared "the original summary judgment continues in full force and effect." Treasure Lake appealed and argued it did not receive the notice it should have regarding either of the summary judgment hearings. After finding Treasure Lake was given five days' notice of the first summary judgment hearing, the appellate court found the failure to notify Treasure Lake of the April 8, 1985, hearing was of no consequence. This followed because

the set-aside order entered was void for want of notice to Aquatics Unlimited.

"[I]n our view the entry of [the] April 5, 1985, [order] was void. The court did not act of its own motion; the entry of April 5 specifically recites that the summary judgment was vacated pursuant to defendant's motion and plaintiff was entitled to five days' notice. *State ex rel. Stoffer v. Moore,* 628 S.W.2d 637, 643 (Mo.banc 1982).... [T]here was no need to 're-enter' the judgment of March 7 because it had never been effectively set aside."

*Id.* at 120.

The *Stoffer* case cited in *Aquatics* dealt with a trial court order that set aside a default judgment. In its analysis, the *Stoffer* court declared:

"The distinction between the court's own action in setting aside a default judgment and that made upon motion of a party bears directly on whether the plaintiff was accorded procedural due process. *If the judgment was vacated pursuant to defendant's motion plaintiffs would have been entitled to five days notice.* Rule 44.01(d), (10th ed.1979). Where, as here, the court has acted on its own motion, this rule is not applicable."

628 S.W.2d at 643 (emphasis supplied).

Whether the trial court here could have imposed the "adverse judgment" sanction on its own motion is not an issue. This follows because the judgment expressly recites the court "considered [Orion's] motion" in rendering the judgment. Since the trial court entered this judgment pursuant to Orion's motion, Appellants were entitled to the five-day notice provided in Rule 44.01(d) and an opportunity to be heard. *Id.; Aquatics,* 719 S.W.2d at 120.

■ The fact that the Administrative Review Act is silent as to notice under

these circumstances does not permit us to conclude that notice of the intended action was not required. *See Baker,* 274 S.W.2d at 325. When a party's rights may be adversely affected by a summary proceeding, but applicable rules or statutes are silent about how much notice must be given, "the notice requirements of Rule 44.01(d) must be complied with by reason of the provision in Rule 41.01(a) that Rules 41 through 101 apply to and govern all civil actions in the Circuit Courts of the state." *State ex rel. Boyer v. Stussie,* 592 S.W.2d 269, 273 (Mo.App.1979).

Based on the authorities cited, we conclude Orion had to give Appellants at least five days' written notice of the March 2, 2000, motion before it could be heard. It follows the trial court erred as a matter of law when it heard Orion's March 2, 2000, motion without notice to Appellants and, on that same date, entered a judgment adverse to Appellants. *See Williams v. Mercantile Bank of St. Louis,* 845 S.W.2d 78, 83 (Mo.App.1993); *Madsen,* 731 S.W.2d at 325.[5] The judgment is reversed and the cause remanded for further proceedings.

PARRISH, Sp.J., concurs.

MONTGOMERY, Sp.J., concurs.

---

**5.** Reversal based on Orion's first point means we need not address its other two points relied on.