**In the Interest of W.B., Plaintiff.**

**Juvenile Officer, Respondent,**

**Missouri Children's Division, Respondent,**

v.

**L.B., Appellant,**

**F.B., Plaintiff.**

**No. WD 64192.**

Missouri Court of Appeals, Western District.

May 17, 2005.

Stuart W. Conrad, Kansas City, MO, for appellant.

Debra J. Gronewoller and William R. Jackson, III, for respondent Kierst, Jr.

Gary Lee Gardner, Asst. Attorney General, for respondent Children's Division.

Before ROBERT G. ULRICH, P.J., JAMES M. SMART, JR., and JOSEPH M. ELLIS, JJ.

PER CURIAM.

Appellant L.B. (Mother) appeals the trial court's dismissal of her motion for supervised visitation with her child W.B., who is in the care and custody of the Missouri Department of Social Services, Children's Division (Division). Mother contends that the trial court erred in granting the Division's motion to dismiss before she received notice of the motion or was given an opportunity to respond. We reverse the ruling below and remand the matter to allow Mother an opportunity to file a response.

## Background

In March 2002, W.B. and his younger sibling (A.B.) were placed in the custody of F.B. (Father) after it was determined that the children were being abused by Mother's paramour. W.B. and A.B. were five and three years old respectively. In early June, Father, in violation of a court order of protection designed to keep the children away from Mother's paramour, left the children with Mother. Promptly thereafter, while the children were at Mother's, W.B.'s sibling, A.B., was beaten and choked by Mother's paramour. Mother, who arrived home to find her paramour choking A.B., failed to contact police or seek help for the fatally injured child for several hours while she attempted to conceal evidence of the beating. When a police officer responded to the scene as a result of a call by a neighbor, Mother and her paramour persuaded the officer that nothing was wrong, and the officer left. Several hours later, A.B. stopped breathing as a result of his injuries. Although emergency help was then summoned, A.B. died of the injuries inflicted on him.

W.B. was then five years old. The authorities alleged that W.B. was also in the home at the time of the beating of his brother. Mother's paramour was charged with murder and other felonies. Mother was also charged with felony murder for her role in failing to protect the child.

The Juvenile Officer filed a petition asking the family court to take jurisdiction over W.B. for abuse and neglect and to place him in the custody of the Children's Division, pursuant to section 211.031.[1] Following a dispositional hearing in October 2002, the family court found that W.B. had been abused and neglected and ordered W.B. committed to the custody of the Division for placement in foster care. The court also ordered that there be no contact between W.B. and his Mother. The court directed the Division to pursue a permanency plan for termination of parental rights of both parents with the hope that W.B. could be adopted. The court relieved the Division of any duty to provide services aimed at family reunification. Mother, who had apparently contested some of the factual allegations, did not appeal that judgment or seek a rehearing.

In February 2003, the Juvenile Officer filed its first petition to terminate the parental rights of Mother and Father. Both parents filed motions seeking visitation. No ruling was issued on these motions. The Juvenile Officer voluntarily dismissed the petition, then later filed a new petition to terminate both parents' rights as to W.B. The petition alleged, *inter alia*, that Mother's parental rights should be terminated because: (1) the child has been abused and neglected as previously determined in the abuse case; (2) severe acts of abuse were committed toward the child's sibling under circumstances that indicate

---

**1.** All statutory references are to Revised Statutes of Missouri, 2000, unless otherwise not-   ed.

that Mother knew or should have known that such acts were being committed; (3) the child has been under the jurisdiction of the juvenile court since October 21, 2002 and the conditions that led to the assumption of jurisdiction persist and are not likely to be rectified; and (4) Mother was guilty of a felony violation of Chapter 566 and Section 568.020, when the child's sibling was a victim. At that time, Mother was still charged but not yet convicted in connection with the child's death.

Later that month, a jury convicted Mother of second-degree murder and four other felonies in the death of W.B.'s sibling. The second-degree murder conviction was a felony murder conviction based on the death of A.B. occurring while Mother was in the process of the commission of first-degree child endangerment.

Mother's answer in the termination case, filed three days after Mother's jury conviction, denied the allegations of the termination petition. Mother then filed a motion seeking supervised visitation with W.B. pursuant to section 211.251.2, which permits a parent to petition the court for a modification of a custody order at any time. That motion, which is at the heart of this appeal, was entitled "Mother's Request for Visitation with the Juvenile and for Appropriate Family Therapy Services." The motion mentioned the "no-contact" order from the earlier abuse and neglect case. The motion asked for "a reasonable schedule of supervised visits between Mother and W.B." The motion also asked for "appropriate services" to Mother but did not specifically seek family reunification.

The Division filed a response to Mother's motion for visitation, stating that the Division was not "charged with the respon-

sibility of determining whether any particular contact is innocuous or harmful." The Division also stated that further delays to a permanent placement for the child would be "disruptive and injurious to his well being."

Appointed counsel initiated discovery with regard to Mother's motion for visitation by submitting interrogatories and requests for production of documents to the Division, the Juvenile Officer, and counsel for Father.

Two and a half months after her criminal conviction, Mother was sentenced to thirty years in prison. Mother currently is incarcerated while the appeal of her conviction and sentence is pending in this court.[2]

Four days after Mother's sentencing, the Division sought an enlargement of time to respond to Mother's discovery requests. Mother then sought to postpone the imminently scheduled hearing. Mother's motion said she had not received the Division's responses to her discovery requests. The motion also stated that counsel needed time to investigate whether the "factual predicate" of the motion for visitation was "still reasonable and under what circumstances visitation could be permitted" in light of Mother's sentence. Other reasons cited were the need for time to digest the Juvenile Officer's response to the discovery requests and possibly to depose any witnesses. That same day, the judge granted Mother's postponement and reset the hearing.

Promptly thereafter, the Division filed a "Motion to Dismiss Mother's Motion for Supervised Visitation." That motion, in its entirety, stated as follows:

---

**2.** This court may take judicial notice of the record on appeal in Mother's criminal case. See *Perkel v. Stringfellow*, 19 S.W.3d 141, 149 n. 9 (Mo.App.2000) (appellate court may take judicial notice of its own records when justice so requires).

Comes now, Children's Division, by and through undersigned counsel, and in support of its motion to dismiss mother's motion for supervised visitation, states and alleges as follows:

1. On February 23, 2004, the Mother filed a motion with this court requesting supervised visits with the above referenced child.

2. On April 15, 2004, the mother was found guilty beyond a reasonable doubt by a jury empanelled by the Jackson County Circuit Court of among other felonies, murder in the second degree of the above referenced child's sibling.

3. The above referenced child was present in the home when his sibling was murdered by Mother.

4. The mother has been sentenced to a term of 30 years, of which she will serve 80%, or 24 years, before becoming eligible for parole.

5. 24 years is the entirety of the above referenced child's minority.

6. As a result of the foregoing facts, it is impossible for the child to reunify with or maintain any meaningful parent-child relationship with his mother during his minority.

WHEREFORE, and for the foregoing reasons, Children's Division requests this Honorable Court DISMISS mother's motion for supervised visitation.

The next business day, Monday, April 26, a senior judge acting for the Honorable Jon R. Gray, the regular family court judge, granted the Division's motion to dismiss Mother's motion for supervised visitation.

Mother filed a motion to set aside or rescind, in which she stated that she never received a copy of the Division's motion to dismiss and received a copy of the dismissal order only after it was mistakenly sent to the wrong address. The court denied the motion to set aside.

Mother now appeals the family court's order dismissing her motion for visitation.

## Analysis

As a preliminary matter, we take up Mother's motion to strike. Mother seeks to strike those portions of the respondents' briefs that contain references to the earlier dispositional proceeding and to Mother's criminal case. Mother says such references are unnecessary because only a procedural question is at issue here. She argues that the facts submitted by the parties should be limited to the record in the termination case.

In both the motion for visitation and the brief here on appeal, Mother refers to the no-contact order from the earlier abuse and neglect proceeding. The termination petition under which Mother seeks visitation is based, in part, on Mother's conviction in the criminal case and, in part, on the prior findings in the abuse and neglect case. The Division's motion to dismiss was based almost entirely upon the outcome of Mother's criminal case and her sentencing. Hence, while we understand Mother's desire that we view the issue on appeal as a simple procedural issue, that procedural issue cannot easily be separated from its context.

Mother's parental rights have not been terminated at this point in the family court proceedings. She retains those rights subject to the court's jurisdiction. The family court has, however, judicially determined that she abused and neglected her children. Also, the circuit court criminal proceeding judicially determined that her failure to care for her children was tied to the beating death of one of her children. Termination proceedings are pending. The family court in the abuse and neglect proceeding entered a "no contact" order, de-

termining at that point in time that it was in the best interest of child W.B. that there be no contact with Mother or Father, while a permanent home for W.B. was sought. Pursuant to section 211.038, RSMo. (2004, cum.supp.), it now appears that, in view of Mother's conviction, there can be no reunification with Mother as a matter of law. It is in the context of these factors that we must consider Mother's due process rights with regard to her motion for visitation. Accordingly, we deny the motion to strike.

■ Another matter we take up preliminarily is the appealability of the dismissal of Mother's motion. No party challenges the appealability of the ruling, which Mother asserts is appealable pursuant to section 211.261.1. We agree that the ruling is appealable although the juvenile court's jurisdiction continues and Mother could file a new motion for visitation. *See In the Interest of N.D.*, 857 S.W.2d 835, 842 (Mo.App.1993).

■ The standard of review is the same as any other court-tried civil case, under which we reverse only if there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *R.D. v. J.D.*, 842 S.W.2d 560, 561 (Mo.App.1992); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Questions of law are reviewed *de novo*. *See In the Interest of S.M.H.*, 160 S.W.3d 355, 358–59 (Mo. banc, 2005). Because the issues presented here involve issues of law, we review to determine whether the trial court correctly applied the law.

In her first point, Mother argues that the trial court erred in granting the Division's motion to dismiss her motion for visitation before she was given notice of the dismissal motion or a reasonable opportunity to respond. Mother contends that the court's action deprived her of her constitutional right to due process and was in violation of applicable court rules.

■ "It is fundamental that restrictions upon parental rights must be in accordance with due process of law. The first requirement of due process is that one be given sufficient notice that his or her rights are to be challenged in the courts." *In the Interest of N.H.*, 41 S.W.3d 607, 612 (Mo.App.2001). *See also Santosky v. Kramer*, 455 U.S. 745, 753–54, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) (when the State seeks to interfere with a parent's fundamental liberty interest in a child, it must provide "fundamentally fair procedures").

Mother points out that "[a]n elementary and fundamental requirement of due process ... is notice reasonably calculated ... to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). This is, of course, correct. Notice is an integral part of our system of justice, regardless of whether legislation or a specific court rule provides for it. *Orion Sec., Inc. v. Bd. of Police Commr's of Kansas City*, 43 S.W.3d 467, 470 (Mo.App.2001). In *Orion*, this court found reversible error where the trial court granted a "Motion for Judgment" on the same day it was filed, without providing any notice to the opposing party. *Id.* We explained that "reasonable notice to a litigant (when there exists even the possibility of action adverse to his interests) is deemed to be ... the essence of fairness and justice ... basic in simple fundamental justice." *Id.*

■ In this case, the Division's motion to dismiss was filed on a Friday. The court ruled on the motion the following Monday, before the motion had been served upon Mother and less than one full

business day after it was filed. Mother had not completed her discovery as to the original motion and was still evaluating and developing her approach.

The Division's motion to dismiss presented to the court new factual data in that it recited the recent development that Mother had been sentenced to thirty years in prison. It also asserted the conclusion that it was accordingly impossible to consider reunification of Mother and Child. The Division's motion assumed, but did not specify, that because reunification is not possible, visitation also is not in the child's best interest and is out of the question. The Division, however, did not address the issue of visitation or comment on the child's best interest in that regard.

◼ The court has the discretion, under the applicable rules and statutes, to act on such motions without conducting a formal hearing. *See Santosky v. Kramer,* 455 U.S. at 745, 102 S.Ct. 1388; *see also* 211.251.2 ("court may deny [a petition for modification of a custody order] without hearing or may, in its discretion, conduct a hearing"); 16th Judicial Circuit Local Rule 33.5(1) ("the granting or refusal of [a party's request for a hearing] shall be a matter for the discretion of the Court"); and Supreme Court Rule 119.09(c) ("court may deny [a petition for modification of the juvenile court's judgment] without hearing or may, in its discretion, conduct a hearing") However, it is elementary in the law of procedural due process that the absence of the right to demand an evidentiary hearing does not negate the right to make an informal response. *See generally* 16C C.J.S. *Constitutional Law* § 968 (1985). *See also Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) ("opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement").

Mother points out that the court's actions violated Local Rule 33.5(1) of the 16th Judicial Circuit Local Rules.[3] Under that rule, Mother says, she should have been given ten days to respond and should have been allowed to request a hearing (even though the grant of a formal hearing would be discretionary). Because Mother received no notice that the motion had been filed until after the court had ruled upon it, she was denied the opportunity to respond or to *request* a hearing. There is no evidence in the record that there were exigencies justifying the denial to Mother of an opportunity to respond.

The Juvenile Officer justifies the dismissal, in part, by arguing that Mother erroneously brought the motion in the termination case instead of the abuse and neglect case. He contends that Mother's pretrial motion was outside the scope of the pleadings in the termination action and states that nothing in the termination statute (section 211.447) requires the court to address pretrial requests for visitation.[4]

---

3. Local Rule 33.5(1) provides in relevant part:
   .... *Within ten (10) days following service and filing of* [any motion, except motions for new trial], *any opposing party may serve and file suggestions in opposition* with citation of authorities and affidavits to be considered in opposition to the motion. On the filing of suggestions in opposition by all parties entitled to filing, or on expiration of the time for filing, whichever occurs first, the matter shall be presented to the judge for consideration.... *The Court may extend or shorten the time for filing suggestions on application of either party. Any party may request or the Court on its own motion may direct that a hearing or oral argument be conducted* on a motion ..., but *the granting or refusal of the same shall be a matter for the discretion of the Court.....*
   (Emphasis added.)

4. Such a motion is permitted "at any time" by section 211.251.2. Pretrial motions regarding visitation *can* be addressed in a termination

According to the Juvenile Officer, Mother should have raised the motion for visitation in the abuse and neglect case because the two cases had not been consolidated.[5] He notes that Mother still can file a motion to modify the no-contact order under that case number. He also points out that Mother has already had an opportunity to be heard in that case.

The two cases deal with the same child and the same parent, and both cases are in the family court. The abuse and neglect case, though still pending, was not the case in which there were active proceedings at the time Mother filed her motion. We fail to see why Mother could not file her motion for visitation in *either* the abuse case or the termination case. In each case the court had power to exercise jurisdiction over the child and to grant or deny visitation.

The Juvenile Officer also argues that the Division's "motion to dismiss" could and should properly have been seen as merely further "suggestions in opposition," and not as a new motion. Thus, the Juvenile Officer argues, the court did not err in denying Mother's motion after reviewing those suggestions even without allowing her notice of the suggestions or an opportunity to respond.

The trial court apparently did not regard the Division's motion as merely further "suggestions in opposition." In any event, the Division's motion to dismiss, short as it was, raised new factual information (the newly imposed thirty-year sentence). It appears that the thrust of the Division's motion was that this new information warranted the summary dismissal of Mother's motion for visitation. We are

not aware, however, of any facts concerning Mother's sentence that would necessarily preclude any *visitation*. As we have noted, these facts did appear to settle any issue of reunification. However, reunification and visitation are not the same things. The Division and the Juvenile Officer have presented no legal authority for the proposition that the family court had no jurisdiction or legal authority to allow W.B. supervised visitation with his mother. Thus, we cannot say as a matter of law that visitation was legally out of the question.

A system governed by law must distinguish between a procedural right and the assumed substantive merit of a party's position. In this case, it is easy to *presume* that no one could make a case for any visitation between mother and child. However, we cannot say as a matter of law no one could make such a case. Did Mother plan to present credible evidence that W.B.'s visiting Mother in prison would be in W.B.'s best interests or at least would not be adverse to those interests? We do not know because the normal process was short-circuited.

■ The best interest of the child is the court's utmost concern in parental rights cases. *See In the Interest of S.M.H.*, 160 S.W.3d at 361–62; *In the Interest of N.D.*, 857 S.W.2d at 838; *see also* § 211.011 ("child welfare policy of this state is what is in the best interests of the child"). We find no legal authority for the proposition that we can say as a matter of law that, even when reunification is out of the question, one or more supervised visits between a mother and her child could never be in the best interests of the child.

---

case. *See, e.g., In the Interest of N.D.*, 857 S.W.2d at 842.

**5.** The Division first raised this issue in its response to Mother's motion to set aside or

rescind the dismissal order, stating that the motion "was improperly raised in the TR proceeding, and was fully addressed by this Court in the JV matter."

This appeal is only about whether, while the termination action remains pending, the court should have, in accordance with its own rules and with general due process standards, allowed Mother notice of the Division's motion to dismiss and given her an opportunity to respond. The court, without considering what Mother might have to say in response to the information about her sentence, determined that it would be adverse to the child's best interest to visit Mother in prison. Mother was denied the opportunity to respond to the Division's motion.

### Conclusion

For the foregoing reasons, we reverse the judgment in this case and remand to the family court to allow Mother an opportunity to respond to the Division's motion to dismiss her motion for supervised visitation.