**Debra BROWN et al.,**
**Plaintiffs-Appellants,**

v.

**Stanley D. CROW,**
**Defendant-Respondent.**

**No. KCD 29023.**

Missouri Court of Appeals,
Kansas City District.

April 3, 1978.

Milton B. Edmonson, Greenwood, for plaintiffs-appellants.

Clifford R. Kirby, Jr., Raytown, for defendant-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Debra Brown, et al., filed suit against Stanley Crow. Crow filed (1) a motion to dismiss for failure to state a claim for relief; (2) motion for more definite statement; and (3) motion to dismiss because claims had been improperly joined. Filed concurrently with the motions were suggestions in support, together with an affidavit and an exhibit of an order of an Idaho court.

Neither Brown nor her co-parties filed any response to the motions. Neither did they request oral argument. The court entered judgment sustaining the motion to dismiss.

On this appeal Brown contends only the court erred in entering judgment without affording Brown notice and opportunity to present a defense. Affirmed.

Brown's suit was filed March 2, 1976. On May 3, 1976, after the court extended the time to plead, the above mentioned motions, together with suggestions in support, were filed. In addition to the suggestions Crow filed an affidavit by himself together with a copy of a complaint filed in Elmore County, Idaho.

Brown and her co-parties failed to file any response to the motions. They also failed to make any request for an oral hearing on the motions.

On June 9, 1976, the court entered an order sustaining the motion to dismiss.

■ Brown contends Rule 44.01(d) requires a notice of hearing to accompany the motion filed. Rule 44 does not require the filing of a notice for an oral hearing to accompany the filing of a motion. Rule 44 is concerned with time and its computation.

Brown overlooks Rule 55.30(b) which permits the court to make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and in opposition.

Crow relies on Rule 8.04–2 of the Circuit Court of Jackson County and Brown does not dispute the existence of this rule. Under that rule the motions filed here were required to be filed with suggestions and Brown had ten days following the service and filing of the motions and suggestions to file counter suggestions together with counter affidavits. The rule provides any party may request oral argument and leaves to the discretion of the court whether or not to grant such request.

The rule of the circuit court providing for the filing of motions together with suggestions and affidavits and the submission of such motions on the written suggestions and other proofs is in full compliance with Rule 55.30(b). Crow fully complied with this rule but Brown neglected for over a month between the time the motions and suggestions were filed and the court entered its judgment to file any suggestions or other defense or request for oral argument.

■ Brown further contends under Rule 55.27(a) the motion to dismiss was required to be treated as a motion for summary judgment because matters outside the pleadings were presented to the court. Brown argues that somehow a motion for summary judgment cannot be ruled upon by the court without an oral hearing. Brown is correct in her assertions the motions to dismiss were to be treated as motions for summary judgment. However, a motion for summary judgment is within the provisions of Rule 55.30(b) as are other motions. In *Sherman v. AAA Credit Service Corporation*, 514 S.W.2d 642, 643[1, 2] (Mo. App.1974) the court held an oral hearing on a motion for summary judgment was not required when the court acted under Rule 55.30. The court noted the party in that case had ample opportunity to file a counter affidavit and on the failure to file anything, the court was correct in assuming there was no more evidence to be submitted before the motion was ruled.

In this case Brown had ample opportunity to file counter suggestions and counter affidavits as well as to request an oral hearing on the motion. On her failure to do so the court was authorized to rule on the motions. When it sustained the motion to dismiss, the court in effect entered summary judgment in favor of Crow. No question is presented as to the merits of that action.

The judgment is affirmed.

All concur.