**William A. SATTERFIELD and Mae Satterfield, Appellants,**

v.

**WINSTON INDUSTRIES, INC., Respondent.**

**No. WD 31283.**

Missouri Court of Appeals,
Western District.

Oct. 1, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 3, 1980.

L. R. Magee, Kansas City, for appellants.

George Allen Barton, Kansas City, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

PER CURIAM.

The plaintiffs Satterfield appeal from a summary judgment on the motion and exhibits of the defendant Winston Industries. The motion went unopposed by affidavit, exhibit or other proof. The plaintiffs do not contest the merits of the rendition of summary judgment, but only that Rule 74.-04(c) requires a hearing to precede rendition, a procedure not met in the trial court.

The petition of the plaintiffs was for damages for breach of warranty in the manufacture of a mobile home. The defendant Winston Industries answered that the claim of the petition was barred by the statute of limitations [§ 400.2–725, RSMo 1978]. A separate motion for summary judgment was brought by the defendant manufacturer and sustained by the court. Neither party requested an oral presentation on the motion before judgment.

The contention that an oral hearing must precede summary judgment under Rule 74.-04(c) was dispelled in *Joseph v. Howell,* 607 S.W.2d 799 adopted concurrently). The motion practice for a summary judgment [as for almost all others], by the enablement of Rule 55.30(b), may be modified by local rule of court to dispense with oral presentations before decision. Rule 8.04 of the Rules of the Circuit Court of Jackson County, the tribunal which gave judg-ment, requires a request for oral argument as a condition precedent to allowance—which then issues but only at discretion of the court. The plaintiffs made no request and so may not complain that the summary judgment was not preceded by oral presentation. Whatever Rule 74.04(c)—unrelieved by local court rule—may intend on the disposition of a motion for summary judgment was not before the trial court nor before us on appeal. The authority of *State ex rel. Boyer v. Stussie,* 592 S.W.2d 269 (Mo.App.1979) asserted by the plaintiffs is irrelevant to the contention on appeal for the same reasons expounded in *Joseph v. Howell,* supra, adopted concurrently.

The summary judgment is affirmed.

All concur.