Jerry JOSEPH, Appellant,

v.

William L. HOWELL, Respondent.

No. WD 31284.

Missouri Court of Appeals,
Western District.

Oct. 1, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 3, 1980.

L. R. Magee, Kansas City, for appellant.

Jackson & Sherman, P. C., J. Michael Cronan, Lindsay K. McFerrin, Kansas City, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

SHANGLER, Judge.

The plaintiff appeals from a summary judgment. The judgment was entered on the affirmative plea by the defendant of res judicata. The plaintiff contends that the entry of summary judgment without a prior hearing was error.

The summary judgment was entered on a petition for damages in two counts. Count I was for personal injury. Count II was for property damage. The petition pleaded that the casualty resulted from a collision at a specified site on a specified date between two motor vehicles, one operated by the plaintiff and the other by the defendant. The answer asserted that an earlier litigation by the plaintiff against the defendant and employer exonerated them of liability and pleaded that judgment as a collateral estoppel and res judicata to the subsequent petition. The affirmative plea was supported by transcripts of the prior proceeding and judgment. These documents were tendered as exhibits on the motion for summary judgment.

The plaintiff does not contest the legal sufficiency of the exhibits to support a summary judgment on the grounds asserted or that the entry rests on valid principle, but only that notice and hearing are essential precedents to summary judgment.

The summary judgment Rule 74.04 establishes a procedure for solution of disputes free from undue delay. It encompasses, nevertheless, a provision for hearing prior to judgment[1] to enable a litigant to marshal the evidence before the court. *Advance Concrete & Asphalt Co. v. Ingels*, 556 S.W.2d 955, 957[2] (Mo.App. 1977). The hearing is not indispensible to judgment but may be waived by want of request. *State ex rel. Boyer v. Stussie*, 592 S.W.2d 269, 273[4–6] (Mo.App. 1979). A motion for summary judgment, as virtually all other civil practice motions, interrelates with Rule 55.30(b)[2] which empowers trial courts to provide by rule for the disposition of motions without oral presentation. *Brown v. Crow*, 564 S.W.2d 599, 600[1] (Mo.App. 1978). The summary judgment was rendered under just such a promulgation of rule[3] and the parties were governed by its terms throughout the proceedings.

1. Rule 74.04(c): "The motion shall be served at least 10 days before hearing."

2. Rule 55.30: "Times and Places for Hearing Motions to be Established–Submission on Written Statements Without Oral Hearing. (b) Submission Without Oral Hearing. To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and in opposition. (Adopted Jan. 19, 1973, effective Sept. 1, 1973.)"

3. "Rules of the Circuit Court of Jackson County Rule 8.04
2. A party filing any motion, except motions for new trial or motions which require proof by introduction of evidence (as distinguished from proof by affidavit . . .) shall serve and file as

The plaintiff does not contend that Jackson County Circuit Court Rule 84.04.2 exceeds the enablement of Supreme Court Rule 55.30(b) or otherwise imposes an undue procedure upon a litigant engaged in a disputed motion for summary judgment. To the contrary, we have found the rules compatible. *Brown v. Crow*, supra, l.c. 600[1]. Nor does the record show *any* request by the plaintiff for an oral presentation against the motion for summary judgment, by the method prescribed in local Court Rule 8.04.2 or any other. The plaintiff contends simply that the rendition of summary judgment without oral hearing on a predetermined date renders the adjudication null—absent an express waiver. The plaintiff cites *State ex rel. Boyer v. Stussie*, supra, to support contention. That case, however, deals with the terms of Rule 74.-04(c) for a hearing on a summary judgment motion, unrelieved by a local rule [4] [as empowered by Rule 55.30(b)] that request precede allowance of oral presentation. *Boyer*, in any event, was a case where request for oral presentation on the summary judgment motion was made by *each* party for different dates—but heard by the court on still another date unknown to the party ruled against. It was the want of a notice conformable to the actual date of a hearing formally requested by both parties—and not a preclusive requirement that hearing precede summary judgment—which expresses the rationale of that case.

The summary judgment for defendant is affirmed.

All concur.

the same time brief written suggestions in support thereof together with authorities relied upon ... Within ten (10) days, following service and filing such a motion, any opposing party may serve and file suggestions in opposition with citation of authorities ... *Any party may request oral argument on a motion covered by this paragraph but the granting or refusal of the same shall be a matter for the discretion of the Court. Any request for oral argument shall be filed with the suggestions of the party requesting the same....*" [emphasis added]

4. In *Boyer* the court alluded to local [Rules of the 21st Judicial Circuit] Rule 12(c) which required proof of service of notice to call up a motion but found it unnecessary to ground opinion on whether that provision was violated.