**TOBLER'S FLOWERS, INC.,**
**Plaintiff-Appellant,**

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY, Defendant-Respondent.**

**No. WD32366.**

Missouri Court of Appeals,
Western District.

Feb. 23, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Denied
March 30, 1982.

Application to Transfer Denied
May 17, 1982.

Jorge A. Elliott, Kansas City, for plaintiff-appellant.

John W. Kelly, Jr., James E. Taylor, Kansas City, for defendant-respondent.

Before SOMERVILLE, C. J., Presiding, and WASSERSTROM and KENNEDY, JJ.

WASSERSTROM, Judge.

Tobler's Flowers, Inc. ("Tobler") sues Southwestern Bell Telephone Company ("Southwestern Bell") to recover damages because of the failure of Southwestern Bell to properly insert certain of Tobler's display advertisements and phone numbers in the telephone classified directory, commonly known as the yellow pages. The trial court entered summary judgment for Southwestern Bell. Tobler appeals.

The pleadings, the deposition of Tobler's president, the verified answers to interrogatories by Southwestern Bell and the affidavit submitted in support of the motion for

summary judgment showed the following basic facts. Tobler operates a number of florist shops in Kansas City, Missouri. In each of the years 1975 to 1979 it ordered classified advertising in the telephone directory. In the 1975 directory Southwestern Bell omitted the display advertisement which had been ordered by Tobler and also the telephone number of the Tobler store at 6814 Troost. The orders for advertising space were properly handled and appeared as ordered in the 1976 and 1977 directories. However, in the 1978 directory the Tobler display advertisement was omitted, although all of the Tobler stores were correctly listed. In 1979, the Tobler Lee's Summit store was omitted from the Kansas City yellow pages although it was correctly listed in the Lee's Summit yellow pages.

The 1979 omission triggered the present lawsuit which proceeded in three counts. Count I seems to be premised on a theory of breach of contract; Count II is premised upon negligence; and Count III alleges that the acts and omissions by Southwestern Bell mentioned "were so grossly negligent" as to indicate deliberate wanton, willful, intentional and malicious conduct compensable by punitive damages.

Southwestern Bell admits the omissions and errors referred to, but explains that those errors occurred inadvertently through mistakes of lower level clerical employees. Southwestern Bell further stated in some detail the measures taken by it to remedy the errors in each instance so as to try to prevent recurrence in subsequent directory issues. Southwestern Bell further pleaded and relies upon a provision in its tariff and a contractual provision between it and each advertiser by which the liability of Southwestern Bell for errors and omissions of this type shall not exceed the amount paid for the service during the period covered by the directory in which the error or omission occurred. Southwestern Bell further says, and Tobler does not deny, that credit has been given Tobler for any and all charges respecting the omitted listings and advertisements.

On this appeal, Tobler relies on the following points: (1) that there was no hearing or notice of hearing before entry of the summary judgment; (2) that at the time that summary judgment was entered there was discovery still in progress; and (3) that there are still factual issues in the case that have not been resolved and which remain for determination. Each of those points will be separately considered, although in different order.

## I.

### The Factual Issues

The liability of a telephone company for errors in yellow page listings has been extensively litigated throughout the country. Annot., 92 A.L.R.2d 917 (1963). However, the Missouri law on this subject is so well established that it is unnecessary and would be inappropriate to resort to decisions in other jurisdictions. The law in this state is that a telephone company is liable for errors and omissions in the yellow pages; however, the extent of this liability can be validly limited by a provision in the telephone company's tariff and contracts such as the one utilized by Southwestern Bell. *Warner v. Southwestern Bell Telephone Company*, 428 S.W.2d 596 (Mo.1968); *Mitchell v. Southwestern Bell Telephone Company*, 298 S.W.2d 520 (Mo.App.1957). That limitation of liability, however, is effective only with respect to mere negligence on the part of the telephone company, and it does not protect the company from acts which are intentional torts. *Engman v. Southwestern Bell Tel. Co.*, 591 S.W.2d 78 (Mo.App.1980).

The question in this case therefore boils down to an inquiry into whether Southwestern Bell's action here was intentional or merely negligent. Southwestern Bell showed by affidavit that the errors and omissions in this case were purely inadvertent. It also presented for the trial court's consideration a deposition taken by it of Jacob Earl Tobler, President and major stockholder of Tobler's Flowers, Inc., in which he testified that all of his conversations with Southwestern Bell employees

were pleasant, that there was no indication that any Southwestern Bell employee had any ill feelings toward him personally or toward his company and that he had no knowledge that any individual employee at Southwestern Bell did anything intentionally to leave Tobler's listings out of the yellow pages.

Southwestern Bell thus made a very substantial showing that the errors and omissions complained of by Tobler were purely inadvertent and unintentional. Tobler presented nothing whatsoever to the contrary. The trial court could reasonably find that there was no genuine issue of fact with respect to this matter.

Tobler argues that there were other issues to be considered: whether there was an unequal bargaining power between the parties; whether the exculpatory clause in the tariff and contracts was reasonable; and whether this provision in the advertising contract signed by Tobler should be considered in the nature of an adhesion contract not binding upon Tobler. All of these suggested issues represent an attack by Tobler upon the validity of the liability limitation contained in the tariff and contracts. As already stated, the validity of these provisions limiting the liability of Southwestern Bell are valid in this state. *Warner v. Southwestern Bell Telephone Company, supra; Mitchell v. Southwestern Bell Telephone Company, supra; Engman v. Southwestern Bell Tel. Co., supra.*

Tobler further seeks to argue in the argument portion of his brief that the errors and omissions here should be treated as a prohibited *discrimination* under Section 392.-200–3, RSMo 1978, which provides: "No ... corporation shall make or give any undue or unreasonable preference or advantage to any person, corporation or locality, or subject any particular person, corporation or locality to any undue or unreasonable prejudice or disadvantage in any respect whatsoever...." That contention could be wholly disregarded on the ground that it is not set forth in the "Points Relied On" portion of Tobler's brief. In any event, the contention has no merit. Southwestern

Bell is liable for its errors. That liability is not in question. The only question is whether the limitation upon that liability is to be recognized and given effect. The latter question is exactly the same whether the liability arises on a theory of contract violation, negligence, or discrimination. Whatever the theory of liability, the only evidence before the trial court showed that the errors and omissions resulted solely from inadvertence, not by reason of intentional action. Under the well-settled law of this state, the limitation of liability does apply. Tobler has been given full credit by Southwestern Bell for all charges with respect to advertising listings which did not appear. Tobler has no valid claim beyond that.

## II.

### *Necessity of Hearing on Motion for Summary Judgment*

■ Tobler contends that under Rule 74.-04(c) a summary judgment cannot be entered without a hearing and a ten day written notice in advance of that hearing. That contention has previously been considered and rejected by this court, particularly where, as here, the case arises in the 16th Judicial Circuit. *Joseph v. Howell*, 607 S.W.2d 799 (Mo.App.1980); *Satterfield v. Winston Industries, Inc.*, 607 S.W.2d 798 (Mo.App.1980); *Brown v. Crow*, 564 S.W.2d 599 (Mo.App.1978). The concurring opinion in *Pennell v. Polen*, 611 S.W.2d 323 (Mo. App.1981), upon which Tobler heavily relies, is not to the contrary.

The essential requirement of Rule 74.-04(c) is that the party responding to the motion for summary judgment shall have ten days within which to serve opposing affidavits. In the present case the motion for summary judgment was served on September 19, 1980. The ruling by the trial court sustaining the motion was not entered until November 25, 1980, more than two months later. Tobler therefore had much more than ten days within which to respond to the motion. It did not do so, nor did it even ask for an oral hearing before the trial court as it was entitled to do under Rule

33.5.1 (formerly Rule 8.04.2) of the 16th Judicial Circuit. Tobler's argument with respect to there not having been a hearing on the motion for summary judgment or notice thereof is without merit.

## III.

### *The Uncompleted Interrogatories*

Tobler submitted interrogatories to Southwestern Bell on February 21, 1980. Southwestern Bell answered some of those interrogatories and objected to others on March 14, 1980. On June 16, 1980, Tobler filed a motion to compel answers to those of its interrogatories still remaining unanswered; and it further requested by letter dated August 22, 1980, that the trial court rule upon the motion last mentioned.

The pending interrogatories rested in that status at the time Southwestern Bell filed its motion for summary judgment on September 19, 1980. Under Rule 74.04(c), Tobler had ten days to make some response to the motion for summary judgment. However, it made no response whatsoever and had not done so up to the date of November 25, 1980, when the trial court sustained Southwestern Bell's motion for summary judgment.

When a motion for summary judgment is filed, the party against whom it is directed may not stand idly by doing nothing. Even if there are requests for discovery then still pending, it is contemplated by Rule 74.04(f) that the opponent to the motion for summary judgment must call the court's attention to the uncompleted discovery and show by affidavit why it is material and important for the discovery to be completed.[1] *See, British Airways Board v. Boeing Co.,* 585 F.2d 946, 954 (9th Cir. 1978), applying under analogous facts Federal Rule 56(f) which is identical to Missouri Rule 74.04(f).

In the present case Tobler did not file an affidavit under Rule 74.04(f). It thereby waived the rights and remedies accorded to it by said rule.

The trial court committed no error in entering summary judgment for Southwestern Bell. The judgment is affirmed.

All concur.

---

1. Rule 74.04(f) provides: "When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may take such other order as is just."