Mark **MOLASKY**, Plaintiff-Appellant,

v.

George "Buzz" **WESTFALL** and William Lawrence Webster, Defendants-Respondents.

No. 51133.

Missouri Court of Appeals, Eastern District, Division Three.

June 30, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 8, 1986.

Mark Molasky, pro se.

George R. Westfall, Pros. Atty., Al W. Johnson, Clayton, William Lawrence Webster, Atty. Gen., Stephen David Hawke, Jefferson City, Thomas W. Wehrle, Clayton, Dana Kay Pulis, Blue Springs, for defendants-respondents.

KAROHL, Presiding Judge.

Relator for writ of mandamus in circuit court attempts appeal to this court for denial of preliminary writ. Appeal dismissed.

Defendant was allowed to file pro se and in forma pauperis a petition in the Circuit Court of St. Louis County, Missouri, styled "Petition for Declaratory Judgment and Injunctive Relief in the Nature of Mandamus." The lengthy pro se petition concludes by praying for a declaration that the actions or inactions of respondents Westfall, Prosecuting Attorney of St. Louis County, Missouri, and Webster, Office of Attorney General of the State of Missouri, violated their duties by not acting on relator's complaint that respondent Westfall committed criminal acts in violation of § 545.250 RSMo 1978 and § 106.230 RSMo 1978; it asks numerous questions to be answered by the court; asks a declaration that a twenty-two month delay in a possible criminal prosecution is a violation of due

process; it requests an injunction against defendants on due process grounds for failure to enforce Missouri laws; and, requests further irrelevant relief. On the day the petition was filed, December 26, 1985, the circuit court denied the writ of mandamus on the ground that the application was a frivolous attempt to relitigate issues tried in a criminal case, *State v. Molasky*, 655 S.W.2d 663 (Mo.App.1983), *cert. denied*, 464 U.S. 1049, 104 S.Ct. 727, 79 L.Ed.2d 187 (1984).

This court has an independent duty to ascertain whether an appealable judgment has been rendered and to dismiss the appeal if it has not. *Pizzo v. Pizzo*, 365 Mo. 1224, 295 S.W.2d 377, 379 (Mo. banc 1956). The refusal of an alternative writ of mandamus is not an appealable order because the judgment of the court is in no sense a final judgment upon a question of right between the parties. *State ex rel. Brandon v. Hickey*, 462 S.W.2d 159, 161 (Mo.App.1970).

Because the appeal must be dismissed we do not reach the matters presented in appellant's brief. However, because this is a pro se appeal, we observe that the dismissal by the trial court was correct for procedural reasons. The application for mandamus failed to comply with the requirements of Rule 94.03. Further, the writ is discretionary. Rule 94.04; *Norval v. Whitesell*, 605 S.W.2d 789 (Mo. banc 1980). Finally, a writ of mandamus is not a proper vehicle whereby relator can obtain advisory opinions in the form of answers to legal questions.

Appeal dismissed.

SIMON and GARY M. GAERTNER, JJ., concur.