**Deana BENNER and George Benner, Appellants,**

v.

**JOHNSON CONTROLS, INC., et al., Respondents.**

**No. WD 43458.**

Missouri Court of Appeals, Western District.

May 21, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 27, 1991.

Application to Transfer Denied Sept. 10, 1991.

David W. Whipple, Kansas City, for appellants.

R. Edward Murphy, St. Joseph, for respondents.

Before BERREY, P.J., and KENNEDY and GAITAN, JJ.

KENNEDY, Judge.

The issue in the present case is whether the trial court erred in granting summary judgment in favor of defendants in Deana Benner's claims for damages for defamation, tortious interference with a business relationship and infliction of emotional distress, and her husband's derivative claim for loss of consortium.

The claims rest upon an alleged statement by William Slentz and Larry Johnson, employees of defendant Johnson Controls, Inc., to Mark Tighe, administrator of Med Clinic of St. Joseph, that Deana Benner, who was an employee of Med Clinic, released "confidential information" about her husband which she obtained in her employment by the Med Clinic.

Deana Benner was a clerical employee of Med Clinic of St. Joseph. Her duties gave her access to the medical files of the clinic, and in fact required her to work with the contents of the files. Mark Tighe was the office manager and Deana's superior. Med Clinic physicians furnished medical services to Johnson Controls, including examination and treatment of work-related injuries of Johnson Controls employees. George Benner, Deana's husband, was an employee of Johnson Controls. He had suffered a back injury. He had consulted both Dr. Kiekhafer of Med Clinic and also with his own physician, Dr. Nelson Escobar, who was not connected with Med Clinic.

A dispute arose between George Benner and his superiors at Johnson Controls, defendants William Slentz and Larry Johnson, as to whether George Benner had been released by the physicians to resume work. Johnson Controls was insisting that he had been released and insisting that he return to his work, while Benner claimed he had not been released and that he was unable to resume work. In an attempt to resolve this question, a meeting was held at Johnson Controls on May 6 at which were present defendants William Slentz and Larry Johnson; plaintiffs Deana Benner and George Benner; union representatives Jim Cathcart, Mark Brennan and Mark Murawski; and Johnson Controls nurse Barbara Vulgamott.

Defendants Slentz and Johnson, plaintiffs claim, later told Mark Tighe after the May 6 meeting that Deana Benner at the meeting "released confidential information about her husband, George Benner, obtained by her in her employment by the Med Clinic." This statement, plaintiffs further claim, was false and defamatory, and led ultimately to Deana's loss of her employment with the Med Clinic.

A party is entitled to a summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 74.04(c). The burden is on the party moving for summary judgment to demonstrate that there is no genuine issue of fact. *Gast v. Ebert*, 739 S.W.2d 545, 546 (Mo. banc 1987).

The alleged statement that Deana Benner released "confidential information" serves as the basis for each of plaintiffs' claims against defendants. Therefore, as to all of plaintiffs' claims it must first be determined whether there is a genuine issue of material fact that the alleged defamatory statement was made.

Defendants in support of their motion for summary judgment filed the affidavit of Mark Tighe. The affidavit said that neither Slentz nor Johnson had made the statement attributed to them. The deposition testimony of Slentz and Johnson are to the same effect.

In opposition to the motion for summary judgment, plaintiffs filed the affidavit of union representative Jim Cathcart. Cathcart's affidavit said that Tighe had told him that "the Company [Johnson Controls] told him that she gave out confidential information." According to the affidavit, Tighe later in the same conversation identified his informant as defendant Larry Johnson. When Cathcart at a later time asked defendant William Slentz "what Mrs. Benner had said that was so bad that Larry [Johnson]

had to call up and get her fired," Slentz said it was he who had called (Mark Tighe) instead of Johnson. When Cathcart asked Slentz what he called for, "he responded that she gave out confidential information."

Another affidavit, that of Gary Whitmore, president of George Benner's union, said that Bill Slentz at a meeting on May 19 said that Deana Benner had released confidential information (at the May 6 meeting). Whitmore also said that nurse Vulgamott had told him that Slentz and Johnson had said at a yet later time that Deana Benner had released confidential information.

■ Cathcart's affidavit, then, has Slentz admitting—or so it could be inferred—that he called Tighe and told him that Deana Benner had disclosed confidential information. Cathcart's testimony to this effect would be admissible in evidence as an admission by Slentz, a party opponent. Where a party admits to a material fact, relevant to an issue in a case, the same is competent against him as substantive evidence of the fact admitted. *Mitchell Eng'g Co., Div. of CECO Corp. v. Summit Realty Inc.*, 647 S.W.2d 130, 141 (Mo. App.1982); *Deskin v. Brewer*, 590 S.W.2d 392, 399 (Mo.App.1979) (en banc). Thus, Slentz's admission to Cathcart that he told Tighe that Deana Benner had disclosed confidential information would be admissible to prove the truth of the proposition that Slentz had indeed made the statement to Tighe. *Cignetti v. Camel*, 692 S.W.2d 329, 337 (Mo.App.1985); *Summit Realty*, 647 S.W.2d at 141; *Deskin*, 590 S.W.2d at 399. Tighe may deny it, and Slentz may deny it, but that simply raises an issue of credibility for the trier of fact to resolve. Such evidence would prima facie prove that Slentz had made the statement attributed to him.

■ As to defendant Johnson Controls, Slentz's statement to Cathcart would also be admissible against Johnson Controls as an admission. Statements of employees may be admissions of the employer if the employee is acting within the scope of his authority in making those statements. *Gary Surdyke Yamaha, Inc. v.*

*Donelson*, 743 S.W.2d 522, 524 (Mo.App. 1987). The established rule in Missouri is that to be within the scope of his authority, the employee usually must have some executive capacity. *Id.; Schultz v. Webster Groves Presbyterian Church, Ass'n*, 726 S.W.2d 491, 497 (Mo.App.1987); *Missouri State Highway Comm'n v. Howard Constr. Co.*, 612 S.W.2d 23, 26 (Mo.App. 1981). Slentz, who was the Human Resources Manager for Johnson Controls, had the requisite executive capacity with which to bind his employer. Thus, Slentz's statement to Cathcart would be admissible as an admission by a party opponent both as to Slentz individually and as to Johnson Controls. Therefore, as to defendants Slentz and Johnson Controls, based on the pleadings and affidavits, there is a genuine issue of fact as to whether the statement was made.

■ As to Larry Johnson, the only proffered evidence that he made the defamatory statement is hearsay—that Cathcart and Whitmore heard Tighe and Vulgamott say that Larry Johnson had made this statement. This would not be admissible. An affidavit in support of or in opposition to a motion for summary judgment "shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Rule 74.04(e). Plaintiffs claim, however, that the summary judgment is inappropriate because not all of the discovery has been completed. Specifically, they claim that they had requested to take the depositions of Mark Tighe, Dr. Kiekhaefer and Cindy White, and before those depositions were taken, the trial court granted defendants' motion for summary judgment. Plaintiffs concede that they did not submit an affidavit attesting to the additional discovery to be completed and why it is material and important for the discovery to be completed.

When a motion for summary judgment is filed, the party against whom it is directed may not stand idly by doing nothing. Even if there are requests for discovery then still pending, it is contemplated by Rule 74.04(f) that the opponent

to the motion for summary judgment must call the court's attention to the uncompleted discovery and show by affidavit why it is material and important for the discovery to be completed. *See, British Airways Board v. Boeing Co.,* 585 F.2d 946, 954 (9th Cir.1978), applying under analogous facts Federal Rule 56(f) which is identical to Missouri Rule 74.-04(f).

In the present case Tobler did not file an affidavit under Rule 74.04(f). It thereby waived the rights and remedies accorded to it by said rule. *Tobler's Flowers, Inc. v. Southwestern Bell Tel. Co.,* 632 S.W.2d 15, 19 (Mo.App. 1982). Therefore, summary judgment in favor of defendant Larry Johnson is affirmed.

Defendants Johnson Controls and Slentz, in addition to arguing that the allegedly defamatory statement was never made, also argue they are entitled to judgment as a matter of law because the statement, if made, is absolutely privileged under the First Amendment as a statement of opinion, as opposed to a statement of fact. Defendants claim, and the trial court held, that statements of opinion are protected by the First Amendment and are not actionable in a cause of action for defamation, citing *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974); *Janklow v. Newsweek, Inc.,* 788 F.2d 1300 (8th Cir.1986); *Ollman v. Evans,* 750 F.2d 970 (D.C.Cir.1984); *Schnelting v. Coors Distributing Co.,* 729 S.W.2d 212 (Mo.App. 1987); and *Henry v. Halliburton,* 690 S.W.2d 775 (Mo. banc 1985).

The Supreme Court recently revisited the issue of First Amendment protection for expressions of opinion in *Milkovich v. Lorain Journal Co.,* — U.S. —, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990). In *Milkovich,* the Court rejected the view that "an additional separate constitutional privilege for 'opinion' is required to ensure the freedom of expression guaranteed by the First Amendment." *Id.,* 110 S.Ct. at 2707. Thus, the threshold question in defamation suits is not whether a statement "might be labeled 'opinion,'" but rather whether a reasonable factfinder could conclude that the statement "impl[ies] an assertion of objective fact." *Id.* at 2705. Two recent cases that have construed *Milkovich, Unelko Corp. v. Rooney,* 912 F.2d 1049 (9th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1586, 113 L.Ed.2d 650 (1991), and *White v. Fraternal Order of Police,* 909 F.2d 512 (D.C.Cir.1990), stated that the Court in *Milkovich* "rejected the practice developed by lower courts, of applying a strict dichotomy between assertions of fact and assertions of opinion in determining the scope of First Amendment protection," *Id.* at 522, and "effectively overruled" and "made obsolete" the cases which applied the "opinion" test. *Rooney,* 912 F.2d at 1053. The test to be applied in light of *Milkovich* is that even with a *per se* opinion, the question is whether the person has made an assertion that can reasonably be understood as implying provable facts. *See White,* 909 F.2d at 522. The statement with which defendants are charged—that Deana Benner released confidential information—could be in its context a statement of fact; it implies that Deana Benner disclosed information about George Benner's condition which she had gained from the medical files in Med Clinic. The alleged statement meets the test established in *Milkovich;* it clearly "impl[ies] an assertion of objective fact." *Milkovich,* 110 S.Ct. at 2705. We hold that the alleged statement could be determined by the finder of fact to be an implied statement of objective fact and therefore not protected by the First Amendment.

With respect to the summary judgment in defendants' favor on plaintiffs' infliction of emotional distress count and the count for tortious interference with a business relationship, defendants undertake no defense of the judgment on any other grounds than those asserted in defense of the summary judgment on the defamation count, namely, that defendants had not made the alleged defamatory statement, and that the statement, if made, was protected by the First Amendment as a non-actionable statement of opinion. We have ruled those arguments adversely to defendants' position, holding that the record be-

fore the trial court on the motion for summary judgment did not establish that defendants Johnson Controls and William Slentz were entitled to judgment as a matter of law.

Summary judgment in favor of defendant Larry Johnson is affirmed. Summary judgment in favor of defendants Johnson Controls and William Slentz is reversed, and the cause is remanded for further proceedings.

All concur.