STATE of Missouri, ex rel., Stephen CON-WAY, Geraldine Osborn, Bertha Mitchell, Sharon Tyus, Irving Clay, Claude Taylor and Robert Ruggeri, Plaintiffs/Relators–Appellants,

v.

Thomas VILLA, Vincent Schoemehl and the City of St. Louis, Defendants/Respondents–Respondents.

No. 62436.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 5, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Feb. 10, 1993.

Application to Transfer Denied
March 23, 1993.

C. John Pleban, Lynette M. Petruska, Greenburg, Pleban & Fleming, St. Louis, for plaintiffs/relators-appellants.

Edward James Hanlon, Government Counsel, St. Louis, for defendants/respondents-respondents.

CRANE, Judge.

This appeal arises out of a challenge by several St. Louis aldermen to the adoption of the 1992–93 budget for the City of St. Louis (City). The aldermen brought an action in the trial court alleging that Board Bill No. 1, the budget ordinance, had not been properly submitted and recommended to the Board of Aldermen on or before May 2, 1992, and therefore no valid budget ordinance had been enacted by the Board of Aldermen. The trial court granted the motion for summary judgment filed by defendants, the City and two of its officials, and denied a writ of mandamus. The plaintiff aldermen [1] appeal from this judgment. We affirm.

Plaintiffs initiated this action on June 30, 1992, the day before the start of the City's fiscal year. On July 8, 1992 plaintiffs Stephen Conway, Geraldine Osborn, Bertha Mitchell, Sharon Tyus, Irving Clay, Claude Taylor and Robert Ruggeri, all members of the St. Louis Board of Aldermen, filed an amended petition in three counts against defendants Thomas A. Villa, President of the Board of Aldermen; Vincent C. Schoemehl, Jr., Mayor; and the City. In Count I the plaintiffs alleged that the City's Board of Estimate and Apportionment (Board of E & A), consisting of the Mayor, Comptroller, and President of the Board of Aldermen, did not submit and recommend a proposed budget ordinance to the Board of Aldermen at its May 1, 1992 meeting. Plaintiffs alleged that the proposed budget ordinance was not recommended by the Board of E & A until defendant Villa introduced it as Board Bill No. 1 at the Board of Aldermen's May 8, 1992 meeting. Plaintiffs also alleged the Board of E & A's proposed budget ordinance failed to include $5.1 million in receipts estimated by the City's License Collector.

Plaintiffs further alleged that during the Board of Aldermen's June 26, 1992 meeting, Villa engaged in certain actions that prevented the Board of Aldermen from voting on a budget. They alleged that Villa relinquished the chair to Alderwoman JoAnn Wayne so that he could take the floor for the perfection of Committee Substitute Board Bill No. 1. While the bill was

1. The aldermen were the relators in the mandamus count. For brevity we will refer to the parties as plaintiffs and defendants.

on the floor, plaintiff Osborn moved to present a floor substitute for Board Bill No. 1. After the Board of Aldermen discussed Osborn's floor substitute, the chair recognized Osborn to close the discussion, whereupon Osborn asked for a roll call vote on the floor substitute. However, before allowing a roll call vote on Osborn's floor substitute, the chair recognized Villa and permitted him to defer Board Bill No. 1 to the Perfection–Informal Calendar. Osborn then appealed the chair's recognition of Villa and the Board of Aldermen's failure to vote on her floor substitute. The chair did not rule on Osborn's appeal and instead deferred to Villa, who resumed the chair from Wayne. Villa then rejected Osborn's appeal. Osborn again appealed to the chair, but Villa refused to allow a second on her appeal.

In Count I plaintiffs sought to enjoin defendants from enacting a City budget for 1992–1993 without the Board of Aldermen's approval or from treating Board Bill No. 1 as approved by the Board of Aldermen. In Count II plaintiffs sought a writ of mandamus compelling Villa to call the Board of Aldermen into session to vote on Osborn's floor substitute for Board Bill No. 1 and on her appeal of the chair's decision to recognize Villa. In Count III plaintiffs sought a declaration that Board Bill No. 1 could not be considered approved by the Board of Aldermen by virtue of the Board of Aldermen's failure to finally act upon it by July 1, 1992 because it was not timely submitted and recommended by the Board of E & A. Plaintiffs also sought a declaration that any budget ordinance must be approved by a majority of the Board of Aldermen.

Defendants filed their motion for summary judgment on July 2, 1992, supported by two affidavits, one by Mary Ann Machowski, Secretary to the Board of E & A, and the other by Frank Jackson, the City's Deputy Budget Director, attesting that the proposed budget was approved by the Board of E & A on April 29, 1992 and was personally delivered to the Clerk of the Board of Aldermen on May 1, 1992.

Defendants' motion for summary judgment was originally scheduled to be heard on July 8, 1992. The hearing was continued from that date to July 16, 1992, upon the request of plaintiffs' counsel, so that plaintiffs could file counter affidavits and interview potential witnesses. On July 14, 1992 plaintiffs served notice to take two depositions on the afternoon of July 15, 1992. Plaintiffs also filed a motion to disqualify all judges of the 22nd Judicial Circuit.

On July 15, 1992 plaintiffs filed three affidavits in opposition to defendants' motion for summary judgment, one by Lynette Petruska, counsel for plaintiffs, one by Andy Herzig, whose occupation or position is not disclosed, and one by Stephen Conway, one of the plaintiffs. On July 16, 1992 plaintiffs filed a motion to continue the summary judgment hearing, contending that they needed additional time to conduct discovery. The Honorable A.J. Seier of the 32nd Judicial Circuit, who had been appointed to hear the case upon the disqualification of all judges of the 22nd Judicial Circuit, denied the continuance and heard the motion for summary judgment.

On July 17, 1992 Judge Seier granted defendants' motion for summary judgment on Counts I and III. In an extensive memorandum and order, he found that the Board of E & A timely submitted and recommended Board Bill No. 1 to the Board of Aldermen. He ruled that pursuant to Article XVI, § 3 of the City Charter, Board Bill No. 1 was deemed approved by virtue of the Board of Aldermen's failure to finally act upon it by July 1, 1992. He further ruled that plaintiffs did not state a viable claim based on Villa's alleged procedural irregularities and rules violations because such violations cannot invalidate a budget already deemed approved. He also denied plaintiffs' request for a preliminary writ of mandamus.

Plaintiffs appeal from this judgment, asserting the trial court erred in denying their motion for a continuance, in granting the motion for summary judgment, and in failing to issue a writ of mandamus.

■ Defendants have filed a motion to strike plaintiffs' brief or to dismiss the appeal for failure to comply with the briefing requirements of Rule 84.04. Defendants' motion is well-taken. The statement of facts is argumentative, contains assertions of fact not supported by the record, and contains assertions of fact which are not referenced to the legal file or transcript. However, we will decline to impose sanctions in this case because the issues raised are important to the City and its residents. *State v. Miller,* 815 S.W.2d 28, 31 (Mo.App.1991).

For their first point plaintiffs contend that the trial court abused its discretion in denying their motion to continue the July 16 summary judgment hearing. Plaintiffs had moved for a denial of summary judgment or, in the alternative, for a continuance to complete discovery in order to refute the allegations contained in the motion for summary judgment. In support of their motion for a continuance, plaintiffs filed an affidavit of their attorney, Ms. Petruska.[2] Most of that affidavit related her July 9, 1992 telephone conversation with Bruce Nangle, Parliamentarian of the Board of Aldermen, concerning "rumors" he had heard about the filing of Board Bill No. 1, information relating to the introduction date (not submission date) of Board Bill No. 1, persons who had not delivered a budget bill to the Board of Aldermen, and Villa's actions at the June 26 Board of Aldermen meeting. Her affidavit stated that Mr. Nangle would provide his information under oath if subpoenaed for deposition. The Petruska affidavit also related what had transpired at the July 15 depositions, namely, that one witness could not say with certainty whether Board Bill No. 1 had been timely filed or not, and another witness, a city employee, had made copies of Board Bill No. 1 on April 28 and May 8, 1992. Ms. Petruska's affidavit concluded with the following averment:

17. Based upon the foregoing information, it is necessary for plaintiffs to conduct further discovery to determine

when, in fact, Board Bill No. 1 was filed with the Board of Aldermen. Plaintiffs are unable to obtain this discovery prior to the Court's hearing on the motion for summary judgment scheduled for July 16, 1992, at 2:00 p.m.

■ Rule 74.04(f) governs the continuance of summary judgment motion hearings to allow additional discovery. It provides:

**(f) When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The trial court has discretion to grant or refuse a party's motion to continue a summary judgment hearing. *Ronollo v. Jacobs,* 775 S.W.2d 121, 126 (Mo. banc 1989). Ms. Petruska's affidavit in support of the motion to continue did not specify what additional evidence supporting the existence of a factual dispute plaintiffs would have presented to the court if the court had continued the hearing. Rather her affidavit presents statements based on "rumors" and alleges facts which do not refute the assertions in defendants' affidavits that Board Bill No. 1 was submitted to the Board of Aldermen on May 1, 1992. Although her affidavit indicated that Mr. Nangle would testify by deposition to the information he gave, this proffered testimony would not create an issue of material fact. Likewise, her description of the purported testimony at the July 15 depositions fails to refute the assertions in defendants' affidavits and, thus, does not create an issue of material fact.

■ "When a motion for summary judgment is filed, the party against whom it is directed may not stand idly by doing nothing." *Tobler's Flowers v. Southwestern*

**2.** Plaintiffs filed two other affidavits with their motion, but these did not support their alterna-

tive request for a continuance.

*Bell Tel. Co.,* 632 S.W.2d 15, 19 (Mo.App. 1982). Even if requests for discovery are pending, Rule 74.04(f) contemplates that the opponent to the motion for summary judgment must call the court's attention to the uncompleted discovery and show by affidavit why it is material and important for the discovery to be completed. *Id.* In this case, Ms. Petruska's affidavit did not demonstrate why the proposed discovery was material and important. The transcribed depositions of these witnesses would not have aided plaintiffs in opposing summary judgment. The hearing was held more than 10 days after the filing of the motion. Rule 74.04(c). The trial court did not abuse its discretion in denying a continuance.

For their second and fourth points plaintiffs contend the trial court erred in granting summary judgment on Counts I and III because a genuine issue of material fact remained regarding whether Board Bill No. 1 had been filed with the Board of Aldermen on May 1, 1992 and because, as a matter of law, Board Bill No. 1 had not been timely submitted and recommended to the Board of Aldermen. For summary judgment to be granted, the pleadings, depositions, admissions, and affidavits filed must show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 74.04(c). Since subsection (h) was deleted from Rule 74.04 in 1988, it is no longer necessary to support a motion for summary judgment by "unassailable proof." *Claybon v. Midwest Petroleum Co.,* 819 S.W.2d 742, 744 (Mo.App.1991).

■ When reviewing the entry of summary judgment, we view the evidentiary record in the light most favorable to the party against whom summary judgment was granted, determine if any genuine issue of fact exists which would require a trial, and determine if the judgment is correct as a matter of law. *Id.* at 743. We will affirm if the judgment is sustainable as a matter of law under any theory. *Id.* at 744.

Defendants moved for summary judgment on Counts I and III on the grounds that no genuine issue of material fact existed and that they were entitled to summary judgment as a matter of law because the Board of E & A submitted the proposed budget ordinance to the Board of Aldermen on May 1, 1992, which was at least sixty days prior to the start of the City's fiscal year. Under City Charter Article XVI, § 3, Board Bill No. 1 was deemed to have been finally approved by the Board of Aldermen because the proposed budget ordinance was timely submitted and recommended to the Board of Aldermen and the Board of Aldermen failed to finally act upon the bill by June 30, 1992.

Defendants submitted two affidavits in support of their summary judgment motion. Mary Ann Machowski, Secretary of the Board of E & A, attested to the accuracy of Board of E & A minutes, attached as an exhibit, showing that the Board of E & A approved the proposed budget ordinance on April 29, 1992. She also attested to the accuracy of a transmittal letter she wrote informing the Board of Aldermen that the Board of E & A had approved the proposed budget ordinance and was submitting it for their action. The language of Machowski's May 1, 1992 transmittal letter was identical to the language used on previous transmittal letters accompanying the submission of proposed budget ordinances to the Board of Aldermen for the previous five fiscal years. Frank Jackson, the City's Deputy Budget Director, attested that on May 1, 1992 he personally delivered over forty copies of Board Bill No. 1, along with Machowski's transmittal letter, to the Clerk of the Board of Aldermen.

■ A party confronted by a proper motion for summary judgment may not rest upon mere allegations or denials but must, in order to overcome the motion, by affidavits or otherwise, set forth specific facts showing a genuine issue for trial. Rule 74.04(e); *St. Charles County v. Dardenne Realty Co.,* 771 S.W.2d 828, 830 (Mo. banc 1989). The affidavits must be based on personal knowledge, set forth facts that would be admissible in evidence, and show affirmatively that the affiant is competent to testify on the matters stated therein.

Rule 74.04(e); *Dardenne,* 771 S.W.2d at 830. An affidavit that fails to aver specific facts and relies only upon mere doubt and speculation fails to raise any issue of material fact. *Dardenne,* 771 S.W.2d at 830.

■ Plaintiffs' three affidavits failed to sufficiently overcome defendants' motion for summary judgment. Ms. Petruska attested to the untranscribed deposition testimony of two witnesses and the contents of a phone conversation with Mr. Nangle. Her affidavit fails to satisfy the strict requirements of Rule 74.04(e) because she did not have personal knowledge of any of the alleged facts and she did not set forth facts which would be admissible in evidence. *Hill v. Air Shields, Inc.,* 721 S.W.2d 112, 115–16 (Mo.App.1986). Ms. Petruska merely recounted the deposition testimony of two witnesses and inadmissible hearsay concerning what Mr. Nangle had told her. *Benner v. Johnson Controls,* 813 S.W.2d 16, 19 (Mo.App.1991).

■ Herzig's affidavit is similarly deficient. Herzig attested that he had visited Brady–Drake, a downtown St. Louis printer, where he had been informed by "personnel" about how Brady–Drake issues shipping receipts to customers. This merely relates inadmissible hearsay. *Id.*

■ Alderman Conway's affidavit stated that he examined the index card filing system which the Clerk of the Board of Aldermen uses to track the status of bills. Conway attested that the index card referencing Board Bill No. 1 contains a handwritten date of introduction, May 1, 1992, while index cards referencing other bills contain rubber stamped introduction dates. Conway also stated that he personally remembered Board Bill No. 1 was introduced at the May 8 aldermanic meeting. While Conway's affidavit attested to an introduction date, it did not contain any personal knowledge of the fact at issue, namely, when Board Bill No. 1 was *submitted* by the Board of E & A. Therefore, his affidavit has no probative value. *Dardenne,* 771 S.W.2d at 830–31. Since plaintiffs' affidavits fail to contradict the assertions in defendants' affidavits, they are deemed admitted for purposes of summary judgment. *Latham v. Wal–Mart Stores,* 818 S.W.2d 673, 676 (Mo.App.1991). Plaintiffs have failed to show a genuine issue of material fact with respect to the date the Board of E & A submitted the proposed budget ordinance to the Board of Aldermen.

■ Plaintiffs next contend that the trial court erred as a matter of law in granting summary judgment because Board Bill No. 1 was not timely submitted or recommended. The Board of E & A is required to "submit and recommend" a proposed budget ordinance sixty days prior to the start of the fiscal year, which would be on or before May 2. City Charter art. XVI, § 3.

Plaintiffs argue "submit and recommend" should be construed to require formal introduction before the Board of Aldermen because, under Rule 31 of the Rules of the St. Louis Board of Aldermen [hereinafter Board Rules], all three members of the Board of E & A may attend aldermanic meetings and address the Board of Aldermen. However, "submit and recommend" does not mean introduce. As a body, the Board of E & A is not empowered to introduce bills before the Board of Aldermen. The members of the Board of E & A may only introduce bills as individuals. Accordingly, the Board of E & A performed everything required under the City Charter when it delivered the proposed budget ordinance and a letter indicating Board of E & A approval of the proposed budget ordinance to the Board of Aldermen on May 1, 1992. Since this action amounted to submission and recommendation, the trial court did not err in granting summary judgment as a matter of law.

■ For their third point plaintiffs contend that there remained questions of material fact concerning whether Villa prevented the Board of Aldermen from meeting daily. After the Board of E & A timely submits and recommends a proposed budget ordinance to the Board of Aldermen, the City Charter requires the Board of Aldermen or one of its committees to meet daily until a final budget bill is passed.

City Charter art. XVI, § 3. Plaintiffs contend that Villa violated parliamentary procedure during a meeting on June 26, 1992 and thus prevented the Board of Aldermen from meeting daily. However, no question of material fact exists with respect to this issue because defendants have not challenged any of plaintiffs' alleged facts concerning whether the Board of Aldermen was prevented from meeting daily. *Pine Lawn Bank & Trust Co. v. Schnebelen,* 579 S.W.2d 640, 642–43 (Mo.App.1979).

For their fifth point plaintiffs assert that summary judgment on Counts I and III was inappropriate as a matter of law because Villa violated certain Board Rules, which caused the Board of Aldermen to violate the City Charter by not meeting daily to consider the proposed budget ordinance and by not enacting a valid budget. However, summary judgment was proper even if Villa's actions as alleged violated Board Rules. Noncompliance with internal procedural rules cannot invalidate an ordinance already adopted by the Board of Aldermen. *Gilroy–Sims & Assocs. v. City of St. Louis,* 697 S.W.2d 567, 569–70 (Mo.App.1985); *City of Sedalia v. Scott,* 104 Mo.App. 595, 78 S.W. 276, 280 (1904). To avoid this rule of law, plaintiffs characterize Villa's actions as violations of the City Charter. They do not violate the City Charter. The proposed budget ordinance was timely submitted and recommended, and the proposed budget ordinance was enacted by virtue of the Board of Aldermen's failure to act by July 1. Villa's actions in themselves did not prevent the Board of Aldermen or one of its committees from meeting daily to consider the proposed budget ordinance until it was passed. The trial court did not err in granting summary judgment as a matter of law.

For their sixth point plaintiffs contend the trial court erred in refusing to issue a preliminary order in mandamus. The denial of a preliminary writ is not an appealable order because it is not a final judgment upon a question of right between the parties. *Molasky v. Westfall,* 713 S.W.2d 569, 570 (Mo.App.1986). Accordingly, plaintiffs' appeal of the trial court's denial of a preliminary writ in mandamus must be dismissed. *Molasky,* 713 S.W.2d at 570.

The judgment of the trial court is affirmed. The appeal from the order denying a preliminary writ in mandamus is dismissed.

CARL R. GAERTNER, P.J., and SIMON, J., concur.